### BARKER, Trustee, *v.* HAMILTON.

An infant is incapable of an admission which will affect her own rights, much less can her admissions be used against a third party who assumes to stand as her trustee. The admission of such evidence in a trial to the court, where the exception reserved to the finding is sufficient, may be reviewed on error.

*Error to Probate Court of Arapahoe County.*

THIS was an action of replevin brought by Barker, the plaintiff in error, as trustee of Hattie Mix, an infant, against

Hamilton, the defendant in error. The declaration was in the *cepit* and *detinet* pleas; *non cepit, non detinet,* property in defendant, and property in a third party.    Upon the trial in the probate court, without a jury, the court found "that the property was not in the plaintiff," awarded a writ of *retorno habendo,* and gave judgment for costs against the plaintiff. Exception was taken and the plaintiff sued out this writ of error.

The witness, Bentis, testified on behalf of the defendant, among other matters, that Mrs. Mix, the mother of the beneficiary, claimed the goods and exercised control over them, whether with the knowledge of the beneficiary, the witness could not say, and that Mrs. Mix delivered to the witness, at the time of the removal, certain of the goods in controversy, and that "Hattie was there, and did not interpose any objection."

Objection and exceptions were duly made and taken to this testimony.

Mr. SAM. P. ROSE, for plaintiff in error.

Mr. V. D. MARKHAM, and Messrs. MILLER, BECK & CLOUGH, for defendants in error.

WELLS, J.    The court below permitted the defendant, for the purpose of impeaching the trust asserted by the plaintiff, to give in evidence the admissions of the infant beneficiary, implied from her conduct.    In this there was certainly error.    The infant was incapable of an admission which should affect her own rights ; much less can her admissions be used against a third person, who assumes to stand as her trustee.

This error is reviewable here, even though we should hold the exception, which the plaintiff reserved to the finding, insufficient to take the case out of the doctrine of *Phelps* v. *Spruance,* 1 Col. 414, and even if we examine the whole record — as for this purpose, according to the case of *Patton* v. *The Coen & Ten Broeke Co.,* we may do, it is impossible

to say with confidence that the testimony so improperly received has not affected the result.

Judgment reversed with costs, and cause remanded for a new trial.

*Reversed.*