[Civ. No. 560.  Second Appellate District.—May 15, 1909.]

ERVIN LIELL SKINNER, an Infant, by WARREN S. SKINNER, His Guardian *ad Litem*, Respondent, v. WM. KNICKREHM et al., Defendants; WM. KNICKREHM CO., a Corporation, Appellant.

NEGLIGENCE—INJURY TO INFANT CHILD—FALL FROM UNGUARDED WAGON IN REAR OF SLOWLY MOVING HOUSE—ATTRACTION OF CHILDREN— SUFFICIENCY OF COMPLAINT.—A complaint for damages sustained by the infant plaintiff, which alleges that defendants caused a wagon without bed or frame to be attached to the rear of a very slowly moving house on the public street, which was left unguarded and unattended; that the wagon thereby became and was attractive to young children desiring to climb and ride thereon; that the plaintiff, who was an infant four years old and wholly unable to appreciate or guard himself against dangerous appliances, was attracted to said wagon, and by the negligence of the defendants invited to climb and ride thereon, and by the negligence of the defendants and of their servants, and without fault on his part, caused him to be jolted and thrown from said wagon, and injured by its wheels running against his head—sufficiently shows the defendant's neglect of duty to the plaintiff.

ID.—DUTY OF PERSON USING VEHICLES UPON STREET.—Everyone using vehicles upon the public street is chargeable with the duty to exercise ordinary care in the management and control thereof, to avoid injury to others using the street with ordinary care and to those who by reason of tender years are unable to appreciate or guard against danger; and it is his duty at all times to retain such control over the same as may be required to avert injury, if possible, to those not using such care or who are unable to appreciate the danger connected therewith.

ID.—NEGLIGENCE TO LEAVE DANGEROUS MACHINERY ATTRACTIVE TO CHILDREN UNGUARDED.—It is an act of negligence to leave unguarded and exposed to the observation of little children dangerous and attractive machinery which they would naturally be tempted to go about or upon, and against the danger of which action their immature judgment opposes no warning or defense.

ID.—CONTRIBUTORY NEGLIGENCE NEGATIVED.—The allegation of the complaint that the plaintiff child, four years of age, was too young and inexperienced to foresee the danger, removes from consideration, as regards the complaint, any question of contributory negligence.

ID.—SUFFICIENCY OF EVIDENCE—CONFLICT—CREDIBILITY OF WITNESSES —PROVINCE OF JURY.—*Held*, that the evidence, notwithstanding some

conflict in the same, was sufficient to warrant the jury in finding that the wagon was in fact unguarded and unattended, and that the defendants did not exercise usual and ordinary care in the management and control of the same. The credibility of the witnesses was matter for the determination of the jury, and it was within their province to accept as true the testimony of the witnesses for the plaintiff.

ID.—APPOINTMENT OF GUARDIAN AD LITEM—CONCESSION—ADDITIONAL PARTY—PAROL EVIDENCE NOT PREJUDICIAL—CAUSE OF ACTION UN-AFFECTED.—Where it is conceded that an original order was duly entered appointing a guardian *ad litem* for plaintiff against the original defendant, the fact that the corporation defendant was subsequently joined as a party defendant did not change the cause of action nor destroy the right of the guardian *ad litem* to recover against the corporation defendant; and upon issue joined by such corporation, it was not prejudicial error to allow parol proof of such original appointment.

ID.—INFANT BOUND BY JUDGMENT.—The appointment of a guardian *ad litem* having been made in fact, the infant is bound by the judgment in his favor against the corporation defendant.

ID.—NONSUIT AS TO ORIGINAL DEFENDANT—NEW APPOINTMENT NOT REQUIRED.—The granting of a nonsuit as to the original defendant sued, whose name is included in the name of the corporation defendant, cannot affect the cause of action nor the validity of the original appointment of the guardian *ad litem*, nor require a new appointment as to the corporation, when brought in as a party co-defendant with the original defendant.

ID.—APPOINTMENT OF GUARDIAN AD LITEM NOT JURISDICTIONAL—QUESTION OF REVERSAL—EXCEPTION.—The appointment of a guardian *ad litem* is not jurisdictional; though if the matter were called to the attention of the court, and there were an entire failure to make an appointment, the judgment would be reversed; yet when facts appear which will preclude the infant from disaffirming the judgment before maturity, the judgment will not be reversed for failure to appoint a guardian *ad litem* as against the appellant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Trusten P. Dyer, and W. C. Batcheller, for Appellant.

Morton, Pruitt & Goodrich, for Respondent.

ALLEN, P. J.—This is an appeal by defendant Wm. Knick-rehm Co. from a judgment and an order denying a new trial, the action being one by an infant on account of personal injuries.

It is averred in the complaint that defendants, who were engaged in moving a house through the streets of Los Angeles, attached to the rear of such house so being moved a wagon with heavy wheels, upon which was rested neither bed nor frame; that such house, and the wagon so attached and under the charge of defendants, were being moved through the streets very slowly, and that defendants left the wagon unguarded and unattended; that by reason of its slow movement, and on account of the absence of any frame or bed, such wagon became and was attractive to children who might desire to climb and ride thereon; that plaintiff, an infant of the age of four years, wholly unable to appreciate or guard or protect himself against dangerous appliances, was attracted to said wagon, and by the negligence of defendants invited to get upon the same and ride thereon, and being thereon was, by the negligence and carelessness of the defendants and their servants, and without any fault on his part, caused to be jolted or thrown off of said wagon and the wheels ran up and against his head and injured him.

It is insisted that from these facts no obligation or duty of defendants toward plaintiff is shown to have been undischarged or unfulfilled, and, therefore, it follows that no negligence is made to appear. It may be conceded that one traveling upon a public highway, using ordinary care in the management and control of a vehicle under his charge, is not an insurer against accident, nor liable for damages even to children of immature years who, playing upon such public highway, shall be injured in an attempt to ride thereon, without acquiescence or invitation on the part of the party in charge of such vehicle. There rests, however, upon everyone so using a public thoroughfare the duty of exercising ordinary care in the management and control of vehicles under his charge, to the end that others using such public places, exercising like care, or who, by reason of tender years, are unable to appreciate or guard against danger, may not suffer injury from the operation of such vehicles, and it is the duty of the one so operating such a vehicle to at all times retain such

control over the same as may be requisite in averting, if possible, injury even to those not exercising such care or unable to appreciate the danger connected therewith. The complaint avers facts which show defendants' omission of duty in the regard above stated, for it is admitted that the vehicle, unguarded and unattended, was being propelled through the streets by defendants. Nor is there anything inconsistent with such statement when used in connection with the allegation that the vehicle was in the charge of the defendants. Personal property may be in the general charge of one, notwithstanding one may be at the time not in the immediate supervision of the same, and we perceive no inconsistency in the statement that property so in charge was permitted to be unattended and unguarded. "It has been held in numerous cases to be an act of negligence to leave unguarded and exposed to the observation of little children dangerous and attractive machinery which they would naturally be tempted to go about or upon, and against the danger of which action their immature judgment opposes no warning or defense." (*Cahill* v. *Stone & Co.*, 153 Cal. 574, [96 Pac. 86].) The allegation of the complaint that the child was too young and inexperienced to foresee the danger removes from consideration, in considering the complaint, any question of contributory negligence which would be suggested were a child so injured shown to be sufficiently mature to appreciate or understand the danger and in law be held by its acts to have contributed thereto.

It is further contended by appellant that the allegations of the complaint in relation to defendants' negligence are not established by the proof. The evidence with relation to the unguarded and unattended character of the wagon was to a degree conflicting. There was, however, evidence of witnesses to the effect that none of defendants' employees, nor anyone connected with the operations of the house moving, were in such a position that they were able to see the wagon so attached, or the children playing thereon; that the driver of the wagon upon which the house was loaded, by reason of the intervening house, was unable to see the wagon attached or anything occurring in the rear of the house, and that only one other man was connected with the moving, and that he was a long distance ahead of the driver attending to other duties;

that these children were permitted to, or at least were not by anyone forbidden to, play upon the wagon, and did so for a long space of time and while the house was being moved for a large portion of a block. We think the jury were warranted in finding that the attached wagon was in fact unguarded and unattended, and that the defendants did not exercise usual and ordinary care in its management and control. It is true that witnesses upon the part of defendants testified to having been around the wagon, to have driven the children therefrom, and to have used all reasonable precautions to avoid danger; but it was for the jury to determine from the evidence the facts presented to them, and by their verdict they seem to have accepted as true the testimony of plaintiff's witnesses.

Error is specified by reason of the admission of parol evidence as to the appointment of the guardian *ad litem* to bring the action, such appointment being alleged in the complaint and denied by the answer. The court in overruling the objection to the admission of such evidence said that the appointment was a matter of record, and no time would be taken up in its proof. While it is true, as appellant urges, that the best evidence of such appointment and that which should have been introduced was the order appointing the guardian *ad litem*, yet such appointment in this state is held not to be a jurisdictional matter, and a failure of appointment does not render the judgment void. Notwithstanding this, it is said in *Johnston* v. *Southern Pacific Co.*, 150 Cal. 540, [89 Pac. 348], that when the attention of the court is called to the defect and no steps taken to cure the same, a reversal of the judgment upon appeal is proper. This upon the theory that the judgment rendered would lack mutuality of obligation, in that there being no authority for the guardian *ad litem* to act, the infant could refuse to abide by the judgment at any time before attaining majority. However, in the case just cited, and in *Childs* v. *Lanterman*, 103 Cal. 387, [42 Am. St. Rep. 121, 37 Pac. 382], the supreme court determined that when facts were shown to exist which would preclude the infant from disaffirming the judgment, the same would not be reversed on account of a failure to have a guardian *ad litem* appointed. In this case it is conceded by respondent in his brief that, as a matter of fact, an order had been entered before the bringing of the action authorizing the guardian *ad*

*litem* to bring an action against William Knickrehm alone on account of the injuries sustained. This being conceded, the right to bring the action on account of the injuries existed, and the fact that during the progress of the proceedings another party was brought in against whom a judgment was rendered would not be of consequence, even though the record discloses a nonsuit was awarded as against the individual originally named in the order. The cause of action was on account of the injury received and for which the guardian *ad litem* was authorized to prosecute an action. The bringing in of a new party did not change the cause of action or destroy the right theretofore conferred upon the guardian *ad litem* under the order. "The only authority of the guardian to appear is by virtue of the appointment, and the appointment limits the effect of the appearance to the subject matter of the suit." (*Waterman* v. *Lawrence,* 19 Cal. 218, [79 Am. Dec. 212].) The subject matter of the suit, which was a cause of action on account of the injury, being embraced within the order, the authority of the guardian *ad litem* continues, even though there be a change in the parties connected with the subject matter of the suit, and the order having been made, the infant would be bound by the judgment; and the reasons given why a judgment should be reversed where no order in fact was made are, therefore, wanting.

We see no prejudicial error in the action of the court permitting the mother of the child to testify to the fact that she was in a delicate condition at the time of the injury and had no hired help. While the condition of the mother was in no sense material, it was expressly stated at the time the testimony was offered that such condition should not be considered as affecting the damages resulting from the accident, and we can see no prejudice resulting, either from the admission of such evidence, or that in relation to the fact that no hired help was employed.

We are unable from the record to determine what amendment to the answer was, in fact, suggested, or how defendant could be prejudiced by a refusal to grant the request. In any event, it was a matter resting within the discretion of the court, and no reason is apparent why the judgment should be reversed on account of such ruling.

We see no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 14, 1909.