[Civil No. 1431.   Filed June 1, 1915.]

[149 Pac. 313.]

## ARIZONA EASTERN RAILROAD COMPANY, Appellant, v. HILARIO CARILLO, a Minor, by W. D. MOORE, His Guardian ad Litem, Appellee.

1. APPEAL AND ERROR—REVIEW—EXTENT—MOTION TO SET ASIDE APPOINTMENT OF GUARDIAN AD LITEM.—Where the denial of defendant's motion to set aside the appointment of a guardian *ad litem* for the plaintiff was assigned as error, and such motion was not verified, only the grounds for the setting aside of the appointment apparent on the face of the papers were properly before the court for review.

2. INFANTS—ACTIONS—GUARDIAN AD LITEM—PETITION FOR APPOINTMENT.—Where the petition for the appointment of a guardian *ad litem* failed to show facts justifying such appointment, but made reference to the complaint, in a suit by the infant, setting forth the cause of action, which, taken in connection with the fact of infancy set out in the petition, showed the necessity of the appointment of such guardian, the appointment was proper.

3. INFANTS—ACTIONS—GUARDIAN AD LITEM—CONSENT OF GUARDIAN:—Under Civil Code of 1913, paragraph 412, authorizing the court to appoint a guardian *ad litem* on petition of any relative or friend of a minor, or, if such minor is over 14 years, on his own petition, for the purpose of bringing a civil action if the minor shall desire, and paragraph 414, providing that no person shall be appointed guardian *ad litem* except upon his written consent, where plaintiff's guardian *ad litem*, at the time of his appointment had not given his consent in writing, but thereafter actively entered upon the discharge of the duties imposed by his appointment by filing and prosecuting suit, he voluntarily appeared and submitted to the jurisdiction of the court, and was amenable to its orders and judgments, so that any judgment rendered was binding on the ward, and his failure to accept his appointment was no ground for reversal of judgment for the infant.

4. INFANTS—ACTIONS—GUARDIAN AD LITEM—REQUEST TO ACT—CONSENT OF GUARDIAN.—Where the application for the appointment of a guardian *ad litem* for an infant plaintiff over 14 years old was not made by the minor, as permitted by statute, and such guardian did not consent to act in writing, but, before the case was submitted to the jury, such plaintiff filed a request for the incumbent's appointment as his guardian *ad litem,* and the guardian filed his written

consent to act, any error in the appointment was cured before verdict and judgment, since the defect was not jurisdictional.

5. APPEAL AND ERROR—REVERSAL—TECHNICAL ERROR.—Under Constitution, article 6, section 22, forbidding the reversal of judgment for technical error when, on the whole case, substantial justice has been done, the court could not reverse a verdict for an infant plaintiff in an action for personal injuries because, although such plaintiff was more than 14 years old, the application, as permitted by statute, for the appointment of his guardian *ad litem* had not been made by him nor had the guardian filed his written consent to act, until immediately before the case was submitted to the jury.

6. INFANTS—RELEASE OF CLAIM FOR TORT—VOIDABILITY.—Where an infant had a claim for personal injuries against his employer and released such employer for $820, such infant could thereafter repudiate such release by bringing suit for the injury, since all the contracts of an infant, except for necessaries, are voidable at his election, and may be disaffirmed before reaching his majority, although he is incompetent to affirm until such time.

7. INFANTS—RELEASE OF CLAIM FOR TORT—DISAFFIRMANCE BY SUIT BROUGHT.—The bringing of suit by an infant plaintiff was a sufficient disaffirmance by him of a previously executed release of his right to sue for personal injuries.

8. INFANTS—ACTION BY INFANT—EVIDENCE—SATISFACTION OF INFANT WITH RELEASE.—In an action by an infant for personal injuries brought in disaffirmance of his release of liability, evidence of admissions of satisfaction with the settlement made by the plaintiff after the bringing of suit was inadmissible, since the admissions were of one legally incapable of protecting his rights, while the subject matter of the suit was in the hands of a guardian *ad litem* under the supervision of the court.

   [As to compromise and settlement of claim in hands of guardian *ad litem*, see note in 97 **Am. St. Rep.** 997.]

9. INFANTS—RELEASE OF CLAIM FOR TORT—DISAFFIRMANCE—RETURN OF CONSIDERATION.—Where an infant had a claim for personal injuries against his employer, and executed a release to such employer for $820, the sum being paid to his father, such infant thereafter disaffirming the settlement by bringing suit, the return of the consideration for the settlement was not a condition precedent to the maintenance of the action by the plaintiff, since an infant can be required to return on disaffirmance only what he has kept intact of what he received on his contract, while he can be required to account only for so much of the consideration received by him as has been used for purposes the court would sanction as being necessary for him; so that, in view of the fact that plaintiff received none of the release money, an instruction that the jury should credit on any ver-

dict the sum paid for the release by the defendant was even more favorable to such defendant than the law authorized.

10. INFANTS—ACTION IN DISAFFIRMANCE OF RELEASE—BASIS—FRAUD.— Where an infant has executed a release of a claim for personal injuries, it is not a condition precedent to the maintenance of suit by him in disaffirmance thereof that he should show that his assent and signature to the release were obtained by fraud and misrepresentations.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Affirmed.

Mr. Eugene S. Ives and Messrs. Rawlins & Little, for Appellant.

Mr. R. H. Brumback, for Appellee.

ROSS, C. J.—On December 13, 1913, appellee, by his guardian *ad litem,* filed his complaint against appellant, claiming damages for personal injuries sustained by him while in the employ of appellant. On the same date, as appears from the record, the appellee's attorney filed a petition, entitled *"Hilario Carrillo, a Minor, Plaintiff,* v. *Arizona Eastern Railroad Company, a Corporation, Defendant,"* representing that appellee, "the plaintiff in this action against the railroad company," was a minor under the age of 20 years, and asked the court to appoint W. D. Moore his guardian *ad litem* "for the purpose of filing a complaint" and to represent him in said action, stating that said Moore was willing to act as such guardian *ad litem.* On the same day, an order entitled as the petition and complaint, was made by the court, in which it was recited:

"Upon reading . . . the application, . . . it appearing to this court that good and sufficient grounds exist for the appointment of a guardian *ad litem* to represent said infant in said action, . . . it is ordered that said Walter D. Moore be and he is hereby appointed guardian *ad litem* for said infant in said action."

Thereafter appellant filed its motion to set aside the appointment of guardian *ad litem,* setting up several grounds, but those not apparent on the face of the papers are not properly before us as the motion was not verified. The grounds

apparent are that petition does not state facts sufficient to support the order appointing the guardian because: (a) Plaintiff being over 14 years of age was entitled to choose his own guardian; and (b) that ho written consent had been filed by the guardian. Appellant on same day filed its unverified motion to dismiss the action upon the same grounds as contained in motion to set aside the appointment of guardian, and in addition set up an alleged release executed by appellee and his father and mother.

Both motions were overruled, and appellant answered: (1) By special demurrer to complaint on the grounds, (a) it does not appear that W. D. Moore was appointed guardian *ad litem;* (b) or was authorized to commence or prosecute the action; and (c) that plaintiff has not legal capacity to sue. (2) By general demurrer. (3) Setting up in bar of the action an acquittance of date December 1, 1913, signed by appellee, his father and mother, whereby for the consideration of $820, the appellant was released of all claims and causes of action on account of appellee's injuries, and alleged that such settlement had not been disaffirmed. The case was tried to a jury which returned a verdict in favor of appellee for $7,200, less $820. A motion for new trial was overruled. This appeal is prosecuted from this order and from the judgment upon the verdict.

The appellant has assigned 24 errors, but they may be reduced to two propositions: (1) The appointment of the guardian *ad litem* and his legal standing before the court. (2) The legal effect, under the facts in this case, of the contract of release and settlement.

There is no dispute as to the infancy of appellee at the time of the institution of this suit, and therefore of the necessity of the appointment for him of a guardian *ad litem* for the purpose of bringing the action. By paragraph 412 of the Civil Code of 1913, the court is authorized to appoint a guardian *ad litem* upon the petition of any relative or friend of the minor, or upon his own petition if he be over 14 years old, for the purpose of bringing a civil action in such court if the minor shall desire so to do. Although the petition asking the appointment of the guardian in and of itself failed to exhibit to the court facts justifying the order of the court appointing the guardian, it made reference to a complaint

entitled in the case setting forth the cause of action, which, taken in connection with the fact of infancy set out in the petition, authorized the appointment of W. D. Moore as such guardian.   But appellant contends that this cannot be so, for paragraph 414, Id., provides that no person shall be appointed guardian *ad litem*, except upon his written consent, and that, as at the time of his appointment as guardian *ad litem*, Moore had not given his consent in writing, the court was without jurisdiction to make the appointment.   The evident purpose of the law in requiring the written consent of the person appointed guardian *ad litem* is to secure jurisdiction over his person, as the appointment under the statute is not made upon his application, but upon the application of a relative or friend of the minor, or it may be made upon the application of the minor, if over the age of 14 years.   If, however, the guardian *ad litem* actively enters, as in this case, upon the discharge of the duties imposed by his appointment, by filing suit and prosecuting it, he has voluntarily appeared and submitted to the jurisdiction of the court, and is therefore amenable to the orders and judgments of the court as much so as he would be by virtue of any written consent to act, and any judgment rendered would be just as binding upon the ward.

The other point that the application was not made by the minor, he being at the time over 14 years of age, might require serious consideration, if there was a controversy, as between a requested appointment by him and one by his relative or friend.   The infant appellee has made no such question.   However, before the case was finally submitted to the jury, the appellee filed a request for the appointment of Moore as his guardian *ad litem*, and the latter filed his written consent to act.   Thus, though the steps taken in the appointment of the guardian may have been erroneous, the error was fully corrected before the verdict and judgment.   That the defect in proceeding is not jurisdictional seems to be well settled. *Johnston* v. *Southern Pac. Co.*, 150 Cal. 535, 11 Ann. Cas. 841, 89 Pac. 348; *Skinner* v. *Knickrehm*, 10 Cal. App. 596, 102 Pac. 947; *Downing* v. *Thompson*, 28 Ky. Law Rep. 1182, 92 S. W. 290; *McDonald* v. *Weir*, 76 Mich. 243, 42 N. W. 1114; 22 Cyc. 658.

The appellant's objections to the manner of the guardian *ad litem's* appointment do not go to the merits of the case, but are directed at the irregularities in the proceedings, and under the Constitution (section 22, article 6) we are forbidden the right to reverse the judgment for technical error in the proceedings, when upon the whole case it shall appear that substantial justice has been done. The irregularities complained of in the appointment of the guardian could not possibly prejudice the rights of appellant inasmuch as they did not bear upon or relate to the merits of the case, and only involved the status of plaintiff as a party before the court.

Some time after the injury complained of, and before the institution of this action, the appellant paid to appellee or to his parents, or both, the sum of $820, for which they jointly executed to appellant a complete and full release of "any and all claims and causes of action on account of all personal injuries received" by him by reason of the things alleged in his complaint. The payment of the money and the execution and delivery of the release of the purport above stated are unquestioned. Likewise, it is admitted that at the time of such settlement the appellee was an infant and without any legally appointed guardian, and that the act of settlement was his individual act except as it may have been influenced by his parents. It is stated that "the general rule is that except for necessaries an infant is not competent to bind himself by contract, nor liable on contracts which he has made; but any contract made by him during infancy may be avoided, and the defense of infancy is equally available at law as in equity." 22 Cyc. 580.

A wrongful injury inflicted upon an infant gives rise to a cause of action in his favor, but because of his immaturity and therefore presumed inability to contract intelligently, the law interposes making his contract of release for such injury voidable at his instance at any time during his minority and until ratified, which can only be done after he arrives of age. This we believe to be the settled law in most of the states. He can no more settle or compromise his claim for damages arising out of tort than he can make disposition of other of his property rights. It follows, therefore, that he may repudiate or disaffirm his contract of release and settlement, and maintain an action to recover for such injury, notwithstanding his re-

lease. *Young* v. *West Virginia C. & P. R. Co.,* 42 W. Va. 112, 24 S. E. 615; *Lane* v. *Dayton Coal & I. Co.,* 101 Tenn. 581, 48 S. W. 1094; *Bonner* v. *Bryant,* 79 Tex. 540, 23 Am. St. Rep. 361, 15 S. W. 491; *St. Louis, I. M. & S. R. Co.* v. *Higgins,* 44 Ark. 293; *Worthy* v. *Jonesville Oil Mill,* 77 S. C. 69, 12 Ann. Cas. 688, 11 L. R. A. (N. S.) 690, 57 S. E. 634.  In these cases, the disaffirmance occurred before the infant had reached his majority, as is the condition in the instant case.  Their holding is contrary to the rule the appellant seeks to have applied. His contention is that the contract of release, not being void, but voidable, may be ratified by appellee upon his arriving at majority, but not before.  He reasons that if the infant is incompetent to affirm before he is 21, he is likewise incompetent to disaffirm, adopting the rule established by the courts of Michigan, as stated in *Lansing* v. *Mich. C. R. Co.,* 126 Mich. 663, 86 Am. St. Rep. 567, 86 N. W. 147.  The rule adopted and followed by the Michigan courts has not found favor, it seems, in any other jurisdiction, but, on the contrary, the general, and what appears to us, the better, rule is, that he may disaffirm his voidable contract during infancy, and maintain his action for damages for injury.

The appellant insists that there was no disaffirmance of the contract of release by appellee.  It seems to us that no more positive or direct repudiation of the settlement and compromise could be made than by the institution of suit for damages.  This has been held by many of the courts of the country.  *St. Louis, I. M. & S. R. Co.* v. *Higgins,* 44 Ark. 293; *Indiana Union T. Co.* v. *Maher,* 176 Ind. 289, Ann. Cas. 1914A, 994, 95 N. E. 1012; *Craig* v. *Van Bibber,* 100 Mo. 584, 18 Am. St. Rep. 569, 667, 13 S. W. 906; *Englebert* v. *Troxell,* 40 Neb. 195, 42 Am. St. Rep. 665, 26 L. R. A. 177, 58 N. W. 852.

The attempt by appellant to introduce admissions of satisfaction with the settlement made by appellee after bringing suit were properly rejected for the reason, they were admissions of an infant legally incapable of protecting his rights, and for the further reason that the subject matter of his suit was then being looked after by his guardian *ad litem* under the supervision of the court.  *Knights Templar, etc.* v. *Crayton,* 209 Ill. 550, 70 N. E. 1066; *Barker* v. *Hamilton,* 3 Colo. 291.

It is also contended by appellant that before appellee could maintain his suit for damages he should return to it the $820 received and accepted by him as a release of his claim. In other words, that he cannot be permitted to retain the fruits of his voidable contract and at the same time have standing in a court for damages for the injury complained of. Generally speaking, this seems to be, and is, a fair and just proposition, and we can conceive of a state of facts where it should be applied and enforced. As, for instance, where the infant has kept intact what he received on his contract and is in possession of it at the time he disaffirms. But if the infant has placed it beyond his power to repay the consideration by reason of his profligacy, or by bad investments or by his improvidence, the law throws its protecting arms around him and lends him the same aid and assistance as if he had never attempted to compromise or settle his rights. *MacGreal* v. *Taylor,* 167 U. S. 688, 42 L. Ed. 326, 17 Sup. Ct. Rep. 961.

In *Worthy* v. *Jonesville Oil Mill, supra,* the court said:

"The just rule is that the infant should be required to account for so much of the consideration received by him as has been used for purposes the court would sanction as being necessary for him, and so much as may still be in his hands in such form that the court could control it for his benefit if his majority has not been attained, or, if it has, for so much as the infant elected to retain on reaching his majority. The plaintiff being an infant when the suit was brought it was not necessary for him to tender back the consideration of the release before bringing his suit; nor was it necessary for him to show his assent and signature to the release had been obtained by fraud or misrepresentation. Whether the defendant was entitled to have the consideration received from him for the release credited in making up the verdict as to the damages plaintiff had sustained, was a question of fact to be submitted to the jury under the principles above stated, but the defendant could certainly take nothing more than such credit under his release." *Baker* v. *Lovett,* 6 Mass. 78, 4 Am. Dec. 88.

The jury were told in this case to credit any verdict that they might find in favor of appellee with the item of release, and they accordingly did so. In view of the evidence show-

ing that the consideration for release was paid to appellee's father and not to him, and there being an absence of evidence that the infant ever received any of the release money, the instruction was much more favorable to appellant than the law authorized. Where the consideration of a settlement for personal injury of an infant is paid to his parents, the infant is under no obligation to make a tender in return in order to disaffirm. *Turney* v. *Mobile & O. R. Co.*, 127 Tenn. 673, 156 S. W. 1085; *Interstate Coal Co.* v. *Love*, 153 Ky. 323, 155 S. W. 746.

Judgment is affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.

On the right of an infant to disaffirm contract or conveyance before majority, see note in 51 L. R. A. (N. S.) 28.

On avoidance by infant of release of cause of action *ex delicto*, see note in 11 L. R. A. (N. S.) 690.

As to the necessity of returning consideration in order to disaffirm infant's contract, see note in 26 L. R. A. 177.