[Civil No. 1662.    Filed April 16, 1919.]

[179 Pac. 958.]

## FRANK R. JOHNSON, Appellant, v. W. V. WRIGHT and E. F. SANGUINETTI, Appellees.

1. INFANTS—CONTRACTS—SALE OF PARTNERSHIP INTEREST—DISAFFIRM-ANCE.—Infant partner's agreement to sell his partnership interest to his copartner was unenforceable where it had been disaffirmed by the infant partner because of his infancy.

2. APPEAL AND ERROR—ASSIGNMENT OF ERROR—JUDGMENT OF DISMIS-SAL.—Where judgment is rendered for plaintiff against one defendant, and complaint is dismissed as to another, and plaintiff, being dissatisfied with relief granted as to former, appeals without assigning error upon order dismissing complaint as to latter, judgment of dismissal will not be disturbed.

[As to partnership agreements of infants, see note in 18 **Am. St. Rep.** 601.]

APPEAL from a judgment of the Superior Court of the county of Yuma. Frank Baxter, Judge. Reversed and remanded.

Mr. Peter T. Robinson, for Appellant.

Mr. Thos. D. Molloy and Mr. W. F. Timmons, for Appellees.

ROSS, J.—The plaintiff-appellant, a minor, by his guardian *ad litem*, brought suit alleging, in substance, the existence of a partnership between himself and appellee-defendant Wright, the assets of the concern being lots 5, 6 and 7, block 1, in the First Ingraham 'addition to the Somerton town site, Yuma county, and a small stock of merchandise; that title to lots was in his partner Wright's name and in trust for partnership, and that the mercantile business was carried on in the partnership name of Wright & Quick; that defendant Wright had entered, or was about to enter, into a contract of sale of the merchandise and a lease for three years, with an option for two more years, of the real property to defendant Sanguinetti. He prayed that the sale of merchandise be enjoined, that the lease be canceled, and that defendant Wright be adjudged to hold the real estate in trust for the partnership and

be required to execute and deliver a deed of one-half interest therein to plaintiff.

Defendants denied the partnership and that plaintiff was a minor, and admitted the sale and lease to defendant Sanguinetti by defendant Wright as alleged, and defendant Wright set up in his answer that before such sale and lease he had bought of plaintiff whatever interest plaintiff had in the partnership, paying or agreeing to pay therefor the sum of $1,300. The plaintiff, in reply to defendant's answer, admitted that he had agreed to sell to Wright his interest for the sum of $1,300, but alleged a disaffirmance and repudiation of the agreement on the ground of his incapacity to contract because of his minority.

The court heard the evidence, which tended to show the partnership as alleged in the complaint; also the agreement by plaintiff to dispose of his interest to defendant Wright for $1,300. It was established that plaintiff was at all of these times under the age of 21 years, and that he had repudiated his contract of sale to defendant Wright.

The court, notwithstanding no money judgment was prayed for by plaintiff, and notwithstanding the plaintiff's repudiation of his contract of sale, gave judgment to plaintiff for the sum of $1,300 against defendant Wright, and dismissed his complaint as to defendant Sanguinetti.

The plaintiff appeals, and, among others, assigns that the court erred in entering judgment in his favor for the sum of $1,300. No error is assigned upon the order dismissing the complaint as against defendant Sanguinetti.

We think it too clear to need much argument that it was prejudicial error to enter judgment as the court did, upholding as legal and binding the contract of sale entered into between plaintiff and defendant Wright, the plaintiff disaffirming and repudiating the same because it was entered into by him at a time when he was under the law, because of his minority, incapable of making a binding contract.

In *Arizona Eastern R. Co.* v. *Carillo*, 17 Ariz. 115, 149 Pac. 313, we announced as the rule:

"That, except for necessaries, an infant is not competent to bind himself by contract, nor liable on contracts which he has made; but any contract made by him during infancy may be avoided, and the defense of infancy is equally available at law as in equity." 22 Cyc. 580.

The record discloses no reason why this rule of law should not be applied here.

The judgment in favor of Sanguinetti will have to stand, because it is not assigned as error.

.The judgment in favor of plaintiff-appellant is reversed, and cause remanded for further proceedings not inconsistent herewith.

CUNNINGHAM, C. J., and BAKER, J., concur.