JUSTINA RENTAS, ETC., Plaintiff and Appellee, *v.* JOSÉ POU GÓMEZ, Defendant and Appellant.

No. 5427.   Argued March 12, 1931.—Decided June 12, 1931.

*Felipe Colón Díaz* for appellant.   *R. Atiles Moreu* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

José Pou Gómez was the father of certain natural children whom he acknowledged.   At the time of this suit he was

married to a woman not the mother of the said natural children. The mother of the said natural children, Justina Rentas, brought a suit to compel the said José Pou Gómez to support the children aforesaid. Justina Rentas brought this suit in her capacity as the natural mother with the *patria potestas* over said children. Due objection was made that the *patria potestas* did not belong to Justina Rentas but to the natural father José Pou Gómez. The objection was sustained and no one now questions the correctness of the decision.

Then the court took action seeking to remedy the situation of the plaintiff. It used its discretion to name Justina Rentas as guardian of the natural children and so permitted the action to continue. The defendant insisted that the suit should be dismissed; that a new one should be filed wherein the mother should appear as guardian of her natural children and give the defendant due notice. The court overruled the objection and the defendant excepted.

We have searched the complaint and do not find that in any sense was the suit filed in the name of the children. It was distinctly brought in the name of Justina Rentas in her capacity as mother exercising the *patria potestas*. The children might and almost certainly did have a cause of action against their father but the complaint was not filed in their name.

From various decisions of this Court it is evident that a complaint brought in the name of a certain plaintiff can not be amended to bring in an action that in no sense belonged to the original plaintiff. *Ochoa & Brother* v. *González Clemente,* 29 P.R.R. 948; *Bernabe et al.* v. *District Court,* 38 P.R.R. 649.

Even if this should be considered a suit of the children, the procedure was irregular or inadequate. Section 57 of the Code of Civil Procedure provides:

"When the guardian at litem is appointed by the court or judge, he must be appointed as follows:

"1.—When the infant is plaintiff, upon the application of the

infant, if he be of the age of fourteen years, or if under that age, upon the application of a relative or friend of the infant.

"2. When the infant is defendant, upon the application of the infant if he be of the age of fourteen years, and apply within ten days after the service of the summons; if he be under the age of fourteen years, or neglects so to apply, then upon the application of any other party to the action, or of a relative or friend of the infant.

"'*    *    *    *    *    *    *'"

Two of the children were over fourteen years of age, made no application and did not appear in court. One of the children was 12, and even there the statute was not followed. That the procedure must be followed is the inevitable inference from the following authorities: *Johnston* v. *Southern Pacific Co.,* 150 Cal. 535; *Skinner* v. *Knickrehm,* 10 Cal. App. 596; Bancroft's Code Remedies, 6534, Par. 4847, notes 20 and 1.

The judgment must be reversed and the complaint dismissed.