## HUNSCHE v. SOUTHERN PAC. CO. et al.

### No. 24365.

District Court, N. D. California, S. D.

Aug. 6, 1945.

John E. Truman, of San Francisco, Cal., for plaintiff.

Dunne & Dunne and James H. Freeman, all of San Francisco, Cal., for defendants.

CLARK, District Judge.

This is an action brought by Ada M. Hunsche as guardian ad litem for Ronald E. Wondra, her son, a minor of the age of eleven years, against the Southern Pacific Railroad Company, the Atchison, Topeka & Santa Fe Railroad Company and the Union Pacific Railroad Company, for damages by reason of injuries alleged to have been suffered by Ronald E. Wondra.

The facts of the case are as follows:

The defendants were and are corporations doing business in the State of California and as a part of their business at Los Angeles in the State of California operate a railroad station known as the Los Angeles Passenger Terminal. This is a very busy terminal, some twenty-two thousand passengers and some forty thousand visitors passing through it daily. It has numerous entrances and walks provided for, and used by the traveling public. One of these walks or platforms (the one on which the injury complained of occurred) is used for the delivery of baggage to passengers. This baggage is generally handled by men, commonly known as "Red Caps", and in handling it they use carts which are propelled by hand. There are some one hundred of these carts in use at this station. The defendants also permit service men to use the carts in handling their luggage when the carts are not being used by the "Rep Caps". They are not kept in any inclosure and are not locked, blocked or fastened when not in actual use.

On the 7th day of May, 1943, the plaintiff with his mother, brother and sister were en route to Richmond, California, as passengers on one of defendants' trains and it was necessary for them to remain in the station for some little time waiting the opportunity to board a train to their destination.

While the mother was busy arranging for their transportation, the son Ronald, 10 years of age, the plaintiff herein, in company with his older brother, 11 years of age, discovered one of these carts which was not in use at the time and decided to "take turns" giving each other rides. The elder brother rode first in the cart and Ronald pushed it, then Ronald got in and his brother pushed it. While Ronald was riding in the cart his brother stumbled and fell, causing the cart to turn over on its side. Ronald's leg was hanging over the side of the cart and it fell on and fractured his leg.

The facts in this case, as above set forth, which are in any way material are not disputed and under such facts it is urged by counsel for the plaintiff "that the cart in question constituted an attractive nuisance; that the defendant negligently, wrongfully and carelessly permitted it to remain on the walk or platform, as hereinabove set forth, and that the plaintiff was attracted to it by childish curiosity and suffered the injury set forth without any fault or want of care on the part of the plaintiff", and that under the doctrine of what is known as the Turntable Case; Sioux City & Pacific Railroad Co. v. Stout, 17 Wall. 657, 21 L.Ed. 745, and the rule as laid down by the courts of California in the cases of Faylor v. Great Eastern Quicksilver Mining Company, 45 Cal.App. 194, 187 P. 101; Cahill v. E. B. & A. L. Stone Co., 167 Cal. 126, 138 P. 712; Skinner v. Knickrehm, 10 Cal.App. 596, 102 P. 947; and Hines v. Milosivich, 68 Cal.App.2d —, 157 P.2d 45, the plaintiff is entitled to recover for the damage sustained.

In addition to the cases cited by counsel for the plaintiff there are numerous other decisions in the State of California on the doctrine of "Attractive Nuisance". This doctrine was first applied in this State in the case of Barrett v. Southern Pacific Co., 91 Cal. 296, 27 P. 666, 667, 25 Am.St.Rep. 186, in which the rule was laid down that "if defendant ought reasonably to have anticipated that leaving this cart (cart inserted in place of turntable) unguarded and exposed, an injury, such as plaintiff suffered, was likely to occur, then it must be held to have anticipated it, and was guilty of negligence in thus maintaining it in its exposed position." Later, in the case of Faylor v. Great Eastern Quicksilver Mining Co., supra [45 Cal.App. 194, 187 P. 103], the Court said: "Those who place an attractive, but dangerous, contrivance in a place frequented by children and knowing or having reason to believe, that

children will be attracted to it and subjected to injury thereby, owe the duty of exercising ordinary care to prevent such injury to them." In the last cited case there is a limitation that mere attraction is not enough but the contrivance must be dangerous. So in addition to the "attractiveness" of the instrumentality the plaintiff must prove by a fair preponderance of the evidence that defendants knew or had reason to have believed that it was sufficiently dangerous that if children were attracted to it they would likely be injured thereby.

 There is another limitation; that the contrivance must be artificial and uncommon as well as dangerous and capable of being rendered safe with ease without destroying its usefulness. Morse v. Douglas, 107 Cal.App. 196, 290 P. 465. The cart in the present case was a rubber tired "Red Cap" cart of which about one hundred were in use at this terminal. It was handled according to the custom and practice; there was nothing unusual about its use and there is no evidence that any child was ever before "attracted" by a "Rep Cap" cart; there is nothing uncommon about it; it is used extensively, not only at the Los Angeles Terminal but wherever there are railroad stations and "Rep Cap" porters. Such carts are useful and extremely necessary in handling luggage. They were being used as contended by the defendants, in the only manner the effective operation of this busy passenger terminal would permit. There is no evidence that the defendants could handle the carts differently than they were handled without destroying their usefulness for the purpose they were designed to serve, or that they had omitted that care and attention to prevent the occurrence of accidents which prudent and careful men ordinarily bestow. Union Pacific Railroad Co. v. McDonald, 152 U.S. 262, 14 S.Ct. 619, 38 L.Ed. 434.

There is no element of any trap or hidden danger in this case.

In this case, both as a matter of fact and as a matter of law, the attractive nuisance doctrine is not applicable in that the evidence does not meet the requirements of the rules laid down in the adjudicated cases in the State of California, as these rules require, as above stated, that the plaintiff must prove that the cart was an attractive and dangerous instrumentality which would naturally attract children; that the cart was novel in character or of a new or uncommon nature; that the cart was capable of being guarded and rendered safe, with ease, without destroying or impairing its usefulness; that the defendants failed to exercise that care and attention to prevent the occurrence of the accident which prudent and careful men ordinarily bestow; that the cart constituted a trap or hidden danger; that the defendants ought reasonably to have anticipated that the injury plaintiff suffered was likely to occur.

In view of what has been determined it seems unnecessary to consider the question of contributory negligence.

Judgment must be entered for defendants.

Counsel will prepare findings of fact, conclusions of law and judgment consistent with this opinion.