188 P.2d 588

**NEYENS et ux. v. DONATO et al.**

No. 4957.

Supreme Court of Arizona.

March 8, 1948.

Wm. P. Lutfy and Robert R. Weaver, both of Phoenix, for appellants.

Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, for appellees.

STANFORD, Chief Justice.

Appellants filed their action in forcible detainer against appellees on March 2, 1946. The summons issued in this case required appellees to answer the complaint on March 7, 1946, and on that date appellees filed both an answer and cross complaint, at which time the court set the case for a jury trial on March 14, 1946. The record shows that on March 11, 1946, before the trial date, appellants filed a motion to strike certain portions of the counterclaim and also filed a motion to dismiss the counterclaim on the ground that the only issue involved in the case was the right of possession, and on the further ground that the counterclaim failed to state facts sufficient to constitute a cause of action against the appellants upon which relief could be granted. Both the motion to strike and the motion to dismiss were argued on that date. The court entered an order denying the motion to strike, taking the motion to dismiss under advisement. On March 11th the court also entered the following order by stipulation: "It is ordered, by stipulation, for the severance of issues raised by the Complaint and Answer and by Cross-Complaint for the purposes of trial, and directing that issues raised in forcible entry and detainer in the Complaint and Answer be tried on March 14, 1946, at 9:30 A.M. to a jury."

At the trial on the date set only the issue of forcible detainer was presented, and after appellants introduced their testimony and closed their case the appellees moved that the court instruct the jury to return a verdict of not guilty as to defendants, and thereupon the appellants moved for a nonsuit which the court granted and dismissed the complaint in forcible detainer without prejudice. Also, the court ordered that the counterclaim of appellees remain pending for adjudication.

The minute entries of the trial court further show that on March 18, 1946, the trial court denied appellants' motion to dismiss the counterclaim and made an order allowing appellants ten days additional time to plead further to same.

On April 8th the court denied appellants' motion for a bill of particulars and authorized appellees to file an amended counterclaim forthwith. On April 29th the trial court set the issues raised by the counterclaim and the answer thereto for trial before a jury.

Since the forcible detainer action brought by the appellants was dismissed by the court because of a voluntary request for dismissal on the part of the appellants, it left for determination only the counterclaim of the appellees. Appellees alleged in their counterclaim that in Chicago, Illinois, on December 6, 1945, they entered into a certain oral agreement with appellants by the terms of which appellees agreed to leave their employment and residence in Chicago on December 11, 1945, and come to Phoenix, Arizona, at their own expense, and at the La Fiesta Motor Court in Phoenix, which belonged to the appellants, establish, within a reasonable time, and operate a health studio in that portion of the premises known at the "bath-house" and the appellees agreed further to install in said "bath-house" at their expense necessary equipment for the conduct and operation of said health studio; also to make such alterations, repairs and improvements to said "bath-house" that would be necessary to convert the same into a health studio; that they would clean, paint and serve as lifeguards at the swimming pool operated by appellants at said place and perform many other things in connection therewith, for a term of one year from the date of their agreement; that by such agreement it was understood that no rent would be charged appellees during the first six months; that appellants arrived in Phoenix, Arizona, for the purpose aforesaid on the 17th day of February, 1945, and were given charge of said "bath-house" and continued to use and occupy the same in accordance with said agreement until March 14, 1946; that appellees expended large sums of money in carrying out their obligation as aforesaid.

The appellees in their counterclaim further alleged that the appellants for the purpose of ousting these appellees from said premises wrongfully and unlawfully disturbed them and interferred with their lawful occupancy of said premises, and about the 1st day of March unlawfully attempted to evict and oust them from the premises and later entered the bath-house and removed therefrom certain property without right or consent of the appellees. On the 14th day of March, 1946, appellees were served by appellants with a written demand that they immediately quit and vacate the premises; that appellees brought their action by this counterclaim in the sum of $3,000 for actual damages sustained by them and for the sum of $2,000 for punitive damages.

In the second cause of action set up in the counterclaim appellees asked for the sum of $5,000 for labor and materials furnished in the repair of said "bath-house". At the close of the trial of the issues raised

under the counterclaim, which was had before a jury, the appellants moved to dismiss as to that portion of the first cause of action asking for punitive damages and also moved for dismissal of the second cause of action. The court granted the motion to dismiss as to the second cause of action but took the motion to dismiss as to punitive damages under advisement and denied the motion to dismiss the entire first cause of action. After both parties rested, however, the motion to dismiss as to punitive damages was denied and the verdict of the jury was brought in in favor of appellees assessing their damages in the sum of $3,000.

Before entering judgment the trial court on September 14, 1946, directed that there be a remittur by the appellees in the sum of $1,400, otherwise a motion for new trial would be granted. Thereafter on the 16th day of September, there was a remittur of said sum by these appellees and it is from the denial of appellants' motion for new trial, and the judgment rendered herein, that this appeal was taken.

The material assignments of error presented by the appellants can be largely determined by a solution of the question whether under the circumstances of this case a counterclaim may be pleaded and later tried in a forcible detainer action.

 In the recent cases of Hinton v. Hotchkiss, 65 Ariz. 110, 174 P.2d 749 and Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394, there was involved an interpretation of Section 27-1207, A.C.A. 1939, which reads as follows: "Right of possession only issue—Verdict—Continuance.—On the trial of an action of forcible entry, or of forcible detainer, the only issue shall be the right of actual possession; and the merits of the title shall not be inquired into * * *."

In both cases we held that the filing of a counterclaim or cross complaint was not permissible or proper in a forcible entry and detainer action. While no reference was made to the new rules of civil procedure in the Olds Bros. Lumber Co. case, the Hinton case was squarely bottomed upon an interpretation of Section 21-437, A.C.A. 1939 (Rule 13(a)) governing compulsory counterclaims, and we there pointed out that the adoption of rules governing procedure could not be construed to permit or allow the repeal of a substantive right, the procedural remedy for which is an integral part of the right itself. We adhere to the holdings announced in these cases.

 In fairness to both the lower court and counsel it should be mentioned that the instant case was tried before these decisions were handed down. We believe, however, that the appellants were in nowise harmed or prejudiced by the procedure followed, even though it was irregular. The forcible entry matter was fully disposed of before the damage action set up in the cross complaint came on for trial. The appellants by entering into the stipulation, heretofore quoted, and by participating, without

objection, in the trial of the matters raised by the cross complaint cannot now be heard to complain. This is a proper case to invoke the constitutional provision " * * * No cause shall be reversed for technical error in pleading or proceedings when upon the whole case it shall appear that substantial justice has been done." Article 6, Section 22, Constitution of Arizona.

This provision of the constitution has been frequently invoked in situation similar to the case at bar, where the procedure was irregular and perhaps erroneous, but substantial justice had been done. See Albert Steinfeld & Co. v. Wing Wong, 14 Ariz. 336, 128 P. 354; Floyd v. Hornbeck, 39 Ariz. 178, 4 P.2d 908; Arizona Eastern R. Co. v. Carillo, 17 Ariz. 115, 149 P. 313; In re Hannerkam's Estate, 51 Ariz. 447, 77 P.2d 814; Town of Holbrook v. Girand, 52 Ariz. 291, 80 P.2d 695, 118 A.L.R. 1203.

We also briefly give our attention to other contentions of the appellants.

The 4th proposition of law is: "A pleader is not entitled to come in after dismissal of an action and plead new matter which, according to the allegations themselves, did not exist until after plaintiff's case was disposed of. The cause of action in any event must exist at the time the suit is filed."

In support of this assignment appellants cite Phoenix Sav. Bank v. Ellis, 50 Ariz. 116, 69 P.2d 796, which holds that a counterclaim must have been in existence in favor of the defendant at the time an action was started. This case was decided under Section 3785, Revised Code of Arizona 1928, then in force; which reads: " * * * The counterclaim must be an existing one in favor of a defendant and against a plaintiff * * * and existing when the action was begun."

It is our opinion that so far as this 1928 code section requires that the counterclaim be an existing one at the time it was started, it is superseded by our present Section 21-441, A.C.A.1939 (Rule 13(e)) which reads: "Counterclaim maturing or acquired after pleading.—A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."

As to a further contention of the appellants, they claim that the action of the appellees is barred by the Statute of Frauds, and cite our statute wherein an action shall not be brought upon an agreement which is not to be performed within a space of one year from the making of same unless it is in writing.

The pleadings of the appellees in their first cause of action on their counterclaim, in part, states:

"That heretofore on or about December 6, 1945, at Chicago, Illinois, counter-claimants and counter-defendants for and in consideration of the mutual advantages to be received from the performance thereof and for other good and valuable consideration

entered into a certain oral agreement by the terms of which counter-claimants agreed to leave their employment and residence in Chicago, Illinois, on December 11, 1945, and to proceed at their expense to the La Fiesta Motor Court in Phoenix, Arizona, and to there establish within a reasonable time, and operate a health studio in that portion of said premises known as the bath-house; * * * ; that it was agreed that counter-claimants would be permitted to use and occupy said bath-house and use said swimming pool as aforesaid for a term of one year from the date of said agreement; that it was agreed that no rent would be charged counter-claimants during the first six months from the date of the agreement and until such time as the health studio should be operated at a profit, to and until the end of the one year term * * *.

" * * * that counter-claimants at all times subsequent to December 17, 1945 to March 14, 1946, performed services for the improvement of the premises at said La Fiesta Motor Court at the request of counter-defendants and in accordance with the terms of the aforesaid agreement; * * *"

Appellants quote the testimony of Anthony Gaormina, one of the appellees, in support of their contentions in regard to the Statute of Frauds as follows:

"Q. How long were you going to operate this studio? A. How long were we going to operate the studio?

"Q. Yes? A. Indefinitely."

In their brief the evidence of that witness is quoted at some length, but we quote from a point before the above evidence given by this witness as follows:

"Q. Why did you limit the agreement to a year in coming out here to establish a business? A. It was six months to a year.

"Q. Why was there any limitation placed on how long you were to operate this studio? A. That is what he said six months to a year."

We find that the jury determined who was right and who was wrong as to the length of time of the lease.

The trial court instructed the jury in charge of this case as follows: "I instruct you that the alleged agreement upon which plaintiffs bring this action was not required by law to be in writing. An oral agreement may be shown in such a case. It is for you to determine from the evidence, under the instructions of the court, whether the verbal agreement, if any, did exist."

At the close of the instructions to the jury the trial court conferred with counsel and gave further instructions on the matter of the second cause of action in the counterclaim and on the subject of punitive damages, and then asked counsel if there were any other requests, to which counsel replied that there were none, nor did counsel submit any instruction to the trial court on the subject of Statute of Frauds.

Judgment affirmed.

LaPRADE and UDALL, JJ., concurring.