GUSTAVE RUNGE v. JOHN L. BROWN.

[FILED MARCH 11, 1890.]

1. **Executions**: PERSONALTY: NEED NOT BE SOLD BEFORE LEVY ON REALTY. When an execution is levied upon personal property, which is insufficient to satisfy the writ, the officer may levy upon the real estate of the debtor even before the advertisement and sale of the former. The personalty must be first sold.

2. ———: CONFIRMATION OF SALE: OBJECTIONS. The numerous objections made in the district court to the confirmation of the sale examined, and found to have been properly overruled.

3. ———: ———: ———. An objection to a confirmation of sale that was not made in the lower court will not be considered in the supreme court.

ERROR to the district court for Cheyenne county. Tried below before HAMER, J.

*Heist & Rayner*, for plaintiff in error:

The land should not have been seized until the chattels were exhausted. (Code, 477; 1 Washburn, R. P. [3d Ed.], 466, n.) Sec. 483 of the Code requires the goods to be first exhausted, and is mandatory. (*Goodman v. Boggs*, 12 Neb., 18; *Bartholomew v. Hook*, 23 Cal., 279; *Place v. Riley*, 98 N. Y., 5.) *Sullenger v. Buck*, 22 Kan., 28, is based on a statute different from ours. As there is no denial under oath of plaintiff in error's affidavit, that the lot and lands were appraised in gross, it must be taken as true. (*Whiteside v. Hazelton*, 110 U. S., 296; *May v. Sloan*, 101 Id., 231; *People, ex rel. Kenyon, v. Sutherland*, 81 N. Y., 1; *Haight v. Arnold*, 48 Mich., 512.) Even *prima facie* evidence of the falsity of the sheriff's return is sufficient to put him on proof of its correctness. (*Magne v. Seymour*, 5 Wend. [N. Y.], 309.) Purchase by an appraiser rendered the sale void. (*McKeighan v. Hopkins*, 14 Neb., 368; 19 Id., 40; Code, sec. 503; *Frasher v. Ingham*, 4 Id., 536; *Sessions v. Irwin*, 8 Id., 8; *Neligh v. Keene*, 16 Id., 410; Maxwell, Pl. & Pr., 587.)

*W. C. Reilly*, for W. T. Eubank, sheriff:

Sec. 485 of the Code, requiring the officer to levy first upon the goods, is directory only, and does not require the personalty to be exhausted *by sale* before levy on the real estate. (2 Freeman, Executions [2d Ed.], 279; *Sullenger v. Buck*, 22 Kan., 28.) The order granting leave to amend the sheriff's return so as to conform to the facts was proper. (*O'Brien v. Gaslin*, 20 Neb., 350.)

NORVAL, J.

On the 7th day of December, 1886, the defendant in error recovered a judgment in the district court of Cheyenne county against the plaintiff in error for $3,475, exclusive of costs. The costs and increase were $619.43.

An execution was issued on said judgment December 7, 1886. On the day following, a levy was made upon certain personal property, which was appraised at $1,728.62, and on the same day, for want of sufficient personal property whereon to levy, said writ was levied upon a part of lot 4, block 28, Sidney, and 240 acres of land in Cheyenne county. The personal property was sold on the 21st and 22d days of December and the 5th day of January for $1,963.45. On the 11th day of January, 1887, said land and lot were sold to different purchasers. The original return of the sheriff on the execution showed that the land and lot were appraised in gross. On leave being given by the court, the sheriff amended his return, showing that the lot and lands were appraised separately.

On exceptions being filed by the defendant in execution the sale of the 240 acres of land was set aside at the June term, 1887, of the district court, because the purchaser thereof was one of the appraisers.

Subsequently the plaintiff in error filed the following exceptions to the confirmation of the sale of said lot 4, to wit:

"1. That the said sale was illegal, irregular, and not made according to law.

"2. That the sheriff levied upon and advertised for sale the lands and lot in question before exhausting by sale the goods and chattels of the defendants levied upon by him.

"3. There was no valid appraisement made by said sheriff, in that the sheriff appraised said lands and lot in gross before said sale.

"4. That G. B. Blakely, one of the appraisers of said lands and lot, was the purchaser at said sale of said lands, and for which reason this court, at the June term of 1887, set aside the sale of said lands, is the same G. B. Blakely, one of the alleged appraisers of the said lot, subsequent to the sale of said lands and lot, thereby rendering void the sale of both lands and lot.

" 5. That the appraisement of the said lands and lot separately, after the sale thereof, to meet the requirements of the statute, is contrary to law and void.

" 6. That the plaintiff John L. Brown caused articles to be published prior to the sale of said lands and lot in the Sidney *Telegraph* and the Sidney *Democrat*, two newspapers published in Sidney, Nebraska, as notices to the general public—wherein said plaintiff accused the defendant of fraudulently obtaining the title to the lands and lot in question, and cautioning the public against purchasing the same—thereby preventing the sale of said lands and lot for their actual market value.

" 7. That the judgment debt was satisfied in full by the showing apparent on the sheriff's return without the sale and price obtained from said lot, the sheriff having in his hands, over and above all claims against the defendant, the sum of $1,050."

The objections to the confirmation of the sale of said lot 4 were overruled and the sale was confirmed, to reverse which the case was brought here on error.

The first exception and objection to the sale is entirely too general to be considered. Objections to a confirmation of a sale must specifically point out the errors relied upon.

Objection is made to the sale, because the sheriff levied upon and advertised the lot before selling the personal property taken under the execution. It clearly appears that the personal property was levied upon before a levy was made upon the real estate, and that the personalty was inadequate to satisfy the execution.

After a sheriff has levied upon goods and chattels which the appraisment shows to be insufficient to satisfy the writ he may undoubtedly levy upon real estate, even before the sale of the personalty. The personal property, however, must be first sold. This is within the meaning of section 483 of the Code of Civil Procedure, which provides that personal property shall be first levied upon, and, for

want of goods and chattels, that the officer cause the execution to be made of the lands of the debtor. The authorities fully sustain the action of the sheriff in this regard. Freeman in his work on Executions, sec. 279, says: "If the defendant has both real and personal property, but not enough of the latter to satisfy the writ, there is no objections to levying on the real estate at the same time or even before the levy is made on the personal property, if the latter is first advertised and sold." (See *Sullenger v. Buck*, 22 Kan., 28.) Care, however, should be taken that no more real estate is levied upon or sold than with the aid of the personal property will be sufficient to satisfy the execution.

The next contention is that the lands and lot were appraised together in gross and not separately. If this were true, the sale would have to be set aside, for it is firmly settled by the numerous decisions of this court that separate tracts or parcels of land must be appraised separately. The original return of the sheriff, it is true, makes it appear as if the lot and the 240 acres of land were appraised in gross, but the amended return of the sheriff with the appraisement shows that the interest of the defendant in the lot was appraised separately at $600, and that the land was appraised at $6 per acre. The defendant makes affidavit that the land and lot were not appraised separately. This appeared to be true, as shown by the original return when this affidavit was filed, but after the sheriff amended his return no further showing was made by the defendant. Runge does not state in his affidavit that he was present when the appraisement was made, nor that he had any personal knowledge how the property was appraised. Without such a showing we may reasonably infer that he obtained his information solely from the original return of the sheriff. The showing made does not overcome the presumption of the correctness of the officer's return. This disposes of the third and fifth exceptions to the sale.

It is urged that because G. B. Blakely, one of the appraisers, purchased the lands, it renders void the sale of both the lands and lot.   We do not think so.   The purchase by an appraiser at a sheriff's sale of one tract does not affect the validity of the sale of another tract to another person.

The district court was asked to vacate the sale because the plaintiff Brown had caused notices to be published in the Sidney newspapers prior to the sale, accusing the defendant of fraudulently obtaining the title to the lands and lot in question, and cautioning the public against purchasing the same.   It is sufficient answer to this objection to say that these notices were published five months before the judgment was rendered in the district court, and the issuing of the execution under which the sale was made. The notices do not appear to have been given for the purpose of preventing competition at the sheriff's sale.   It is not at all likely that the giving of these notices six months before the sale in the least affected the price which the property sold for.

The only other objection to the sale which was urged in the court below was, that the lot was sold after sufficient property had been disposed of to satisfy the judgment. The return of the sheriff is silent as to the order in which the real estate was sold, and there is no showing in the record in that regard.   There is no presumption that because the lands are first described in the returns that they were sold first.   Again, if the lands were sold before the lot, under the circumstances of this case it would not be sufficient ground for disturbing the sale.   The lands were sold to one of the appraisers, which made their sale void, the same as if they had not been sold, therefore sufficient property had not been disposed of to satisfy the judgment before the lot was offered.

It is urged in the brief of plaintiff in error that the lot was appraised and sold greatly below its fair value.   This

objection was not made in the court below and will not be considered here.

We are finally asked to set aside the sale because since the confirmation the judgment upon which the execution was issued has been reversed by this court.   The proceedings in error were commenced in the court after the confirmation, and no supersedeas bond having been given, the enforcement of the judgment by the district court was proper.   The reversal of the judgment after the sale and confirmation cannot be urged for the first time in this court as a ground for vacating the sale.

The order confirming the sale is affirmed.

ORDER AFFIRMED.

THE other judges concur.