[Civil No. 768.  Filed March 19, 1902.]

[68 Pac. 553.]

## A. G. OLIVER et al., Defendants and Appellants, v. JOHN W. DOUGHERTY, Plaintiff and Appellee.

1. ACTION TO QUIET TITLE—PLEADING—PROOF—VARIANCE—REV. STATS. ARIZ. 1887, PAR. 3132, CONSTRUED.—In an action under paragraph 3132, *supra*, providing that "An action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against another who claims an estate or interest adverse to him," where plaintiff alleged that he was the owner in fee of certain property, proof of an equitable title in plaintiff does not constitute such a variance as to preclude a recovery.

2. SAME—EXECUTION SALE—PURCHASER—ACQUIRES EQUITABLE TITLE— MAY MAINTAIN ACTION TO QUIET TITLE—REV. STATS. ARIZ. 1887, PAR. 3132, CONSTRUED.—Where defendant purchased certain property at a foreclosure sale, receiving a sheriff's certificate, but no deed, and went into possession, and subsequently his interest was sold on execution, the purchaser acquires all the equitable title of defendant, and plaintiff as assignee can maintain an action against defendant to quiet title, under paragraph 3132, *supra*.

3. INTERNAL REVENUE—STAMP-TAX — SHERIFF'S CERTIFICATE—ASSIGNMENT—STAMP NOT REQUIRED—ACT CONGRESS, JUNE 13, 1898, CONSTRUED.—As the act of Congress, *supra*, does not require a sheriff's certificate of sale to be stamped, the assignment of such instrument is also free from the duty, as it is only where the original instrument is subject to the duty that assignments are required to be stamped.

4. EXECUTION—LEVY—SHERIFF'S SALE—SALE OF REALTY—VALIDITY— INNOCENT PURCHASER—LAWS OF ARIZ. 1889, ACT. NO. 20, CONSTRUED.—Act No. 20, *supra*, provides that an execution "must require the officer serving the same, if the judgment be against the property of the judgment debtor, to satisfy the judgment . . . out of the personal property of such debtor, and if sufficient personal

VIII Ariz.—5

property cannot be found, then out of the debtor's real property.''
*Held,* that as against an innocent purchaser of realty claiming
under an execution sale, a judgment debtor who failed to call the
sheriff's attention to personalty, and to require him to satisfy the
execution out of it, cannot question the validity of the sheriff's
sale, because not complying with the act *supra.*

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Yavapai.
R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Robert E. Morrison, and G. A. Allen, for Appellants.

E. M. Sanford, for Appellee.

STREET, C. J.—John W. Dougherty brought his action
in the district court of Yavapai County against the appellants
to quiet title to certain property, and alleged in his complaint
that he was the owner in fee of the property (describing it),
and was entitled to the possession thereof, and that the de-
fendants wrongfully withheld the possession thereof from
him; ''that defendants, and each of them, claim an estate or
interest in and to the above-described pieces and parcels of
land and premises adverse to this plaintiff; that the said
claim of the said defendants and each of them, is without
any right whatsoever; that the said defendants have not, nor
have any or either of them, any estate, right, title or interest
whatever in said lands or premises, or any part thereof.''
And plaintiff prayed that the defendants be required to set
up their title or interest, and that plaintiff's interest be
quieted as against the same. Appellants, as defendants in the
district court, answered, denying the allegations of the com-
plaint, and, in a separate answer, set up title in themselves.
They say that Charlotte A. Oliver is the wife of A. G. Oliver;
that A. G. Oliver recovered a judgment for the sum of
$8,537.40 against Samuel C. Miller and Mary F. Miller, with
a decree foreclosing a mortgage on said property; that such
proceedings were had under the judgment and decree that the
said property was sold at sheriff's sale, and A. G. Oliver bid
it in, and received therefor a sheriff's certificate of sale, which
was recorded in the office of the county recorder; that after-

wards Mills College and Seminary recovered a judgment against A. G. Oliver for $873.15, and levied upon said property, and sold the same at sheriff's sale to satisfy said judgment; that one H. D. Ross became the purchaser thereof, and received therefor a sheriff's certificate of sale, and caused the same to be filed in the office of the county recorder; that afterwards Ross assigned all his right, title, and interest in and to said certificate of sale to the said Dougherty, and on October 5, 1899, Dougherty received from the sheriff a sheriff's deed conveying to him all the right, title, and interest acquired by said sale in and to said property; that Oliver never received from the sheriff a deed to the property.

The principal contention of appellants is that the plaintiff did not show title to the property, inasmuch as no deed was issued by the sheriff to A. G. Oliver, but that Oliver only held a certificate of sale. The same question was raised by plea in abatement, which was overruled by the court, and which order is assigned as error, for the reason that the plaintiff, not having a legal title to said property, had no authority in law for maintaining his action herein.

The statute of Arizona provides: "An action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against another who claims an estate or interest adverse to him." Rev. Stats. 1887, par. 3132. That statute has received a construction by the United States supreme court in the case of *Ely* v. *Railroad Co.*, 129 U. S. 291, 9 Sup. Ct. 293, 32 L. Ed. 688, and the complaint is drawn in conformity with such decision. In speaking of the statute, the supreme court says: "The manifest intent of the statute, as thus amended, is that any person owning real property, whether in possession or not, in which another person claims an adverse title or interest, may bring an action against him to determine the adverse claim, and to quiet the plaintiff's title." It is admitted that Oliver went into possession under his certificate of sale, and was in possession at the time of the commencement of this action; so the only question is whether evidence that plaintiff held only an equitable title, under the allegation that he was the owner in fee, is sufficient. There is no such variance between the pleadings and the evidence as would make it impossible for the plaintiff to recover

if the plaintiff could recover at all under an equitable title; but his power to recover under an equitable title seems to be settled by the statute itself, where it says that any one having or claiming an interest therein may bring the action, whether in or out of possession of the same. In this case Oliver was in possession, and was enjoying an equitable title, all of which was the subject of sale and levy; and, when Ross bought under a levy and sale of that equitable interest, he acquired such an interest in the property and such a claim to the property as would support an action to quiet title. Whatever right, claim, or interest one has in property in Arizona is subject to levy and sale; and he who purchases has a right to be put into the same possession of the right, claim, or title which the judgment debtor had therein. Oliver had a leviable interest in the property, and, when his creditor sold under execution his leviable interest, the purchaser acquired the same; and after he had done so he stood in the situation of one having or claiming an interest in real property. All the right, title, and interest of Oliver therein were gone; and whether, under the old common law, the purchaser acquired such an interest as would enable him to maintain ejectment is not before us for decision, but only whether his interest was of such a nature as would support the statutory action for quieting title.

The appellants objected to the introduction of the certificate of sale issued by the sheriff to Ross, and particularly the assignment which was attached to the certificate of sale, by which Ross assigned all his right, title, and interest therein to the plaintiff, Dougherty, for the reason that no revenue stamp was attached, as provided by act of Congress of June 13, 1898. Such certificates of sale do not come within the statute; and the original certificate from the sheriff to the purchaser being an instrument which is not within the statute, and upon which no revenue stamp need be affixed, it must follow that an assignment of the instrument to another is also free from the duty. It is only where the original instrument is subject to the duty that assignments of the instrument are also subject to the duty. Thus, where a mortgage is required by the statute to be stamped, an assignment of the mortgage must also be stamped.

It is objected further by the appellants that plaintiff ought

not to recover in this action for the reason that the sale was void, because, as they allege, the sheriff did not conform to a statutory requirement. It is provided by act No. 20 of the Session Laws of 1889, that an execution "must require the officer serving the same, if the judgment be against the property of the judgment debtor, to satisfy the judgment, with interest, out of the personal property of such debtor, and if sufficient personal property cannot be found then out of the debtor's real property." It is alleged that the sheriff did not conform to that requirement of the statute. Such a provision incorporated in an execution according to the requirements of a statute is but a direction to the sheriff, and it is such a direction as the judgment debtor may require him to comply with before sale. It nowhere appears in the evidence that Oliver made any such demand. The appellants offered evidence to show that, at the time the execution was levied and the sale was made, Oliver had personal property, which offer was denied by the court, and we think properly. There was no offer to show that Oliver had made a demand upon the sheriff that the sheriff refused, and that the purchaser at the sale knew of all those conditions, but it was for the first time to show that the judgment debtor had property. Whether he had ample personal property to satisfy the judgment, or not, cannot affect the title of an innocent purchaser. If the sheriff was executing the writ not in conformity with its terms, and was either ignorant of the fact that the judgment debtor held personal property, or, being aware of it, was purposely avoiding his duty, it was the right and it became the duty of the judgment debtor to call the attention of the sheriff to the fact that he had personal property, and that he was willing to turn it over for that purpose, and, if he refused to do so, to compel him by proper processes to first make the money out of the personal property which the judgment debtor was turning over to him. If the judgment debtor neglected to so protect himself, and permitted the sheriff to proceed to sell real estate, the sale is valid, especially where there is an innocent purchaser. With the evidence as it stood on the record, the court was justified in refusing to admit evidence of the existence of personal property.

These constitute the substantial assignments of error urged by the appellants, and, we seeing no error in the judgment or

in the rulings of the court, the judgment of the district court is affirmed.

Davis, J., and Doan, J., concur.