[Civil No. 2627. Filed November 21, 1927.]

[261 Pac. 42.]

A. A. BLASINGAME, Appellant, v. VIRGIL WALLACE, Appellee.

Mr. Wm. J. Fellows, for Appellant.

Mr. Jas. E. Nelson, for Appellee.

McALISTER, J.—Virgil Wallace recovered judgment against A. A. Blasingame for $546.66, the amount of three certificates of deposit of the old Bank of Phoenix. The judgment was rendered May 10th, 1926, and on the 25th of the same month a general execution was issued. The sheriff's return under date of June 28th, 1926, shows that he levied on four parcels of real estate, consisting of approximately fifteen acres of land situated in the Alkire tract just south of the city of Phoenix. After giving the proper notice he sold this property at public sale on July 23d, 1926, for $597.01, the total amount due under the judgment, to the plaintiff who was given a certificate of sale. On December 13th following, the defendant filed in the superior court a motion to set aside the sale and restrain the sheriff from issuing to the purchaser his deed, and after a hearing at which testimony for both parties was taken the court on December 27th, 1926, denied the motion, and the defendant has brought the judgment and order here for review.

The only assignment is that the court erred in denying appellant's motion to set aside and vacate the execution and sale. The motion was based upon

four distinct grounds, but only two of them are argued, and we take it that the others are waived. The first is that in levying the execution and making the sale the sheriff failed to levy upon and sell the personal property of appellant prior to the sale of his real estate, and the second relates to the inadequacy of the amount realized from the sale. Paragraph 1357, Revised Statutes of 1913, Civil Code, upon which appellant relies, reads as follows:

"1357. A general execution must be issued in the name of the state of Arizona, subscribed by the clerk and sealed with the seal of the court, and be directed to the sheriff or other proper officer of the county where it is to be served, and must refer intelligibly to the judgment, stating date of entry, name of court and county where the judgment is filed, and if it be for money, the amount thereof, costs, interest and amount actually due thereon, and must require the officer serving the same substantially as follows:

"(1) If it be against the property of the judgment debtor, it must require the officer to satisfy the judgment, with interest, out of the personal property of such debtor, and if sufficient personal property cannot be found, then out of his real property, or if the judgment be a lien upon real property, then out of the real property belonging to him on the day when the judgment became a lien, or at any time thereafter; or if the execution be issued to a county other than the one in which the judgment was recovered, on the day when the abstract of the judg ment was filed in the office of the clerk of the superior court of such county. . . . "

Appellant testified that when the levy was made he had several times the amount of the judgment in personal property. His potted plants at a place up town, according to him, were worth three thousand dollars and those at the nurseries eight thousand dollars, and in addition to these he had "cars, two teams, wagons and cultivators and harrows and discs and things like that that are used on a farm," and

"three cars working." His personal property assessment for that year, however, was only $520, and appellee suggests that most of this was exempt, though it is clear that a substantial portion of it was not, and it should be kept in mind that property is not usually assessed at full value.

It is the contention of appellant that, under the provisions of paragraph 1357, *supra,* the sheriff should have levied upon and sold the personal property before selling the real estate, and there is no question but that this is true if he had personalty subject to the execution, for it was undoubtedly intended by this paragraph that the personal property should be exhausted before resort to the real estate is had. A levy upon the realty before the sale of the personalty, where there is not sufficient of the latter to satisfy the judgment or where the amount is doubtful, would be proper, but it could not possibly be determined how much realty would be required to complete the satisfaction of the judgment until the amount realized from the personalty is known. This is in line with the authorities. In 23 Corpus Juris, 445, is found this language:

"The generally prevailing rule is that the debtor has the right to have his personal goods exhausted before any of his real estate can be taken, although in some jurisdictions such an exhaustion of the personal property is not required before levying on the real estate. . . . Where the debtor has both personal and real property, although the personal property is not sufficient, it should be first levied upon and first sold; but the real estate may be levied upon after the levy upon the personal property, without awaiting a sale of the personal property."

In *Shuler* v. *Halvor et al.,* 38 S. D. 617, 162 N. W. 389, the Supreme Court of that state in construing a paragraph of its Code of Civil Procedure (1913, § 334) which is the same in meaning as paragraph

1357, *supra,* and a second one (section 337) which requires an indorsement upon the execution that there is no personal property before a levy is made on real property, used the following language in discussing the contention that a transfer of real estate should be set aside and the property sold under execution to satisfy the judgment:

"Under these statutes, personal property is made the primary fund for the satisfaction of an execution. . . .

"If such transfer were set aside as fraudulent, no levy upon or sale of such real property could be had if there were personal property out of which the execution could be satisfied.

"Furthermore, until an execution has been issued and the return of no personal property found has been indorsed thereon as required by the statute, it would not be apparent that the creditor had exhausted his remedy through legal process, as the debtor's personal property might be ample to satisfy the execution. In such case, it is not the transfer which obstructs his right to take the real property affected, *but the statute which forbids a levy upon a creditor's land in satisfaction of an execution until the creditor's personal property has been exhausted.*" (Italics ours.)

In *Runge* v. *Brown,* 29 Neb. 116, 45 N. W. 271, the court says:

"Objection is made to the sale, because the sheriff levied upon and advertised the lot before selling the personal property taken under the execution. It clearly appears that the personal property was levied upon before a levy was made upon the real estate, and that the personalty was inadequate to satisfy the execution. After a sheriff has levied upon goods and chattels which the appraisement shows to be insufficient to satisfy the writ he may undoubtedly levy upon real estate, even before the sale of the personalty. The personal property, however, must be first sold. This is within the meaning of section 483 of the Code of Civil Procedure (1887)

which provides that personal property shall be first levied upon, and, for want of goods and chattels, that the officer cause the execution to be made of the lands of the debtor. The authorities fully sustain the action of the sheriff in this regard. Freeman in his work on Executions, section 279, says: 'If the defendant has both real and personal property, but not enough of the latter to satisfy the writ, there is no objection to levying on the real estate at the same time or even before the levy is made on the personal property, if the latter is first advertised and sold.' See *Sullenger* v. *Buck*, 22 Kan. 28. Care, however, should be taken that no more real estate is levied upon or sold than with the aid of the personal property will be sufficient to satisfy the execution.''

Appellee contends, however, that, even though it be true that the sheriff should have exhausted the personal property first, this rule does not apply in this case because it appears from the record that appellant, the judgment debtor, did not at the time of the levy disclose the fact that he owned personal property and request the officers to levy upon and sell it. In support of this position he cites the case of *Oliver* v. *Dougherty*, 8 Ariz. 65, 68 Pac. 553, in which this court held that the provisions of Act 20, Session Laws of 1889, which are practically the same in meaning in this particular as paragraph 1357, are merely a direction to the sheriff, and that if the judgment debtor owning personal property fails to point it out and request him to levy upon and sell it first, the sale of the real property, notwithstanding the judgment debtor's ownership of sufficient personal property to satisfy the judgment, is valid, especially where an innocent purchaser is involved. There is no question but that the sale under such circumstances to an innocent purchaser could not be set aside, for whether the judgment debtor "had ample personal property to satisfy the judgment, or not, cannot affect the title of an innocent purchaser.''

But when there is no one concerned other than the parties to the judgment, the execution, and the sale, and the motion to vacate is made within a reasonable time, the sale may be set aside where it is shown that the judgment debtor had sufficient personal property which could have been applied upon the judgment, and that the officer knew it, or by the exercise of reasonable diligence could have discovered it, and failed to levy upon it, but instead levied upon and sold for the amount of the judgment real property worth many times that sum.

According to the evidence, the levying officer made no effort whatever to find out if there was personal property upon which the execution could be levied. He testified:

"I did not ascertain whether there was any personal property upon which to levy, did not attempt to find any. I acted solely upon information given me by Mr. Nelson, the attorney for the plaintiff. . . . I just overlooked personal property altogether."

While under paragraph 1366, Revised Statutes of 1913, which provides that "the judgment debtor may point out to the levying officer such property as he may wish to be levied on," it was the judgment debtor's privilege to request him to proceed against the personal property first, yet, in view of the fact that appellant's assessment for that year disclosed that there was substantial personal property that could have been applied to the judgment, his failure to do so did not relieve the officer from the duty of complying with the statute and the writ issued in pursuance thereof, making it his duty to do so. Though not mandatory, it is clear that it was not intended that the levying officer should obey it or not at his pleasure, but that he should comply with its terms when it was reasonably possible to do so. Hence, if there was no other personal property than that appearing on the tax-roll, it was his

duty to exhaust this before selling the realty (*Runge* v. *Brown, supra*), and if by the exercise of reasonable diligence the potted plants which appellant testified were worth $11,000 could have been found, there would have existed no occasion for even levying upon real estate.

The value of the fifteen acres of real property levied upon and sold was according to the testimony of appellant, at least $15,000. He said:

"This property ought to be worth at least one thousand dollars an acre because I gave that several years ago. The mortgage is in the neighborhood of six thousand dollars. According to what I paid for it and according to what other property has been sold for, I have an eight or nine thousand dollar equity in it."

He had just testified that the land joining it on the east sold as high as $1,700 an acre. This testimony is undisputed, hence it appears that, notwithstanding the fact that the valuation placed upon the land and its improvements for purposes of assessment was only $2,240, the price realized from the land was grossly inadequate, and that this together with the fact that the sheriff did not observe the statute in selling it justifies an order vacating the sale, the judgment creditor being the buyer and therefore not an innocent purchaser.

However, the relief sought by appellant is equitable in its nature and the maxim, "He who seeks equity must do equity," governs it. Hence, before he is entitled to what he is seeking, it will be necessary for him to pay the amount of the judgment, together with the interest and costs. In 10 R. C. L. 1323, is found this language:

"The general rule, according to the weight of authority, is that an execution sale will not be set aside at the instance of the debtor, or the purchaser will not be ousted from possession without refunding to him

his purchase money which has been applied to the benefit of the debtor. This is on the ground that he who seeks equity must do equity. And the same relief has been obtained in common-law cases where the distinction between common law and equity has been abolished.''

The cause is remanded to the superior court with the direction that, if within sixty days from the date of the mandate the appellant pays the judgment of that court, together with interest and costs, the order refusing to set aside the sale will be reversed, but if such payment is not made within this time it will from the expiration thereof stand affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.