410 P.2d 689.

James A. MORTENSEN, Jr., and Florence N. Mortensen, his wife, Appellants,

v.

BERZELL INVESTMENTS CO., a partnership, Morris L. Kolodny and Ann P. Kolodny, his wife, and Sol Kotz and Luba Kotz, his wife, Appellees.

No. I CA–CIV III.

Court of Appeals of Arizona.

Feb. 9, 1966.

Rehearing Denied March 30, 1966.

Review Denied April 26, 1966.

Christy, Kleinman, Peterson, Hoyt & Ful-ler, by Chester J. Peterson, Phoenix, for appellants. ·

Kramer, Roche, Burch & Streich, by Richard R. Filler, Phoenix, for appellees.

MOLLOY, Judge.

This is an appeal from a judgment in which appellants, defendants below, were found guilty of forcible detainer of real property and were directed to deliver pos-session to appellees, plaintiffs below. The plaintiffs claim the right to possession under a sheriff's deed delivered as the result of an execution sale in another action, in which the plaintiffs had recovered judgment against the defendants-appellants in the sum of $40,685.13. There was pending in this other action a motion to vacate and set aside this sheriff's sale and deed and to quash the execution, which motion, by consent, was heard at the same time as the complaint in unlawful detainer. There is no sugges-tion in the briefs that the efficacy of the sheriff's deed is not properly in issue in this proceeding, and this court accordingly considers the validity of the sheriff's deed to be properly before the court. Neyens v. Donato, 67 Ariz. 1, 188 P.2d 588 (1948).

The record discloses that on January 10, 1964 the plaintiffs recovered their judg-ment against the defendants for $40,685.13. On March 12, 1964, after defendants had taken an appeal from this judgment in the other action, but before a supersedeas bond staying judgment was filed, plaintiffs se-cured a writ of general execution. On the same date plaintiffs, by letter, directed the sheriff to levy upon defendants' property:

"We hand you herewith an execution in the above entitled and numbered ac-tion. We also enclose our check in the sum of $25.00 to cover your fees. Please levy on the following personal property belonging to the defendants, James A. Mortensen, Jr., and Florence N. Mortensen, his wife, to-wit:

> 1960 Volkswagen-Coupe
> Engine No. 3741402
> Serial No. 3029277
> · License CKV 269

"The above described car should be located at the following address: 3100 Golf Drive, Tempe, Arizona.

"Please also levy on any other cars in which the defendants have any equity and any other personal property you can find which is subject to levy. Since it is impossible that you will be able to levy on sufficient personal property to satisfy this demand, please also levy on the real property located at the above address. The legal description of this property is:

Lot 19, SHALIMAR ESTATES-Book 91 of Maps, Page 1, commonly known as 3100 Golf Drive, Tempe, Arizona.

"Also please try to ascertain any other real property which these defend-ants own and levy on it as well."

Sheriff's deputies undertook to demand payment of the judgment. Testimony taken at trial is irreconcilably conflicting as to what occurred at the time of the sheriff's visit to the Mortensen home. All witnesses agree that demand was made and that Mrs. Mortensen, with whom the deputies talked, replied that she did not have $40,000.00 with which to pay the judgment. After this initial accord, all harmony abates: Mrs. Mortensen contends that only one deputy appeared at her doorstep, but two deputies testified that they were present; Mrs. Mortensen maintains that the deputy made no demand for property other than to read a paragraph from the writ directing the sheriff to satisfy the judgment out of the personal property of the Mortensens or, if no personal property could be found, out of their real property, and explained that "This means I am supposed to come out and collect $45,000.00 cash from you," while the deputy claimed he asked Mrs. Mortensen about other property; Mrs. Mortensen asserted that the Volkswagen sedan mentioned in the letter from the plaintiffs to the sheriff was sitting in the driveway at the time, but the deputy was adamant that it was not. Following the sheriff's visit, the Mortensens contacted their attorney, but made no contact with the sheriff regarding the consequences of the demand made, either directly or through counsel.

The sheriff's deputy returned the writ of execution to the sheriff with the following notation: "Made demand. Unable to locate anything to levy on for this." On April 16, 1964 a sheriff's sale was had after a levy upon the real property in question at which sale plaintiffs purchased the defendants' home for $10,047.07. Plaintiffs subsequently received a sheriff's deed which was recorded October 21, 1964. After the redemption period (A.R.S. § 12–1282) had run, and after demand for possession was made by plaintiffs, an action for forcible detainer was brought against defendants. The lower court rendered judgment in plaintiffs' favor, without making findings of fact and conclusions of law, none being requested.

Appellants contend that they possessed sufficient personal property to satisfy the judgment, that the sheriff was apprised of this fact, that the failure to execute on such personal property before execution on real property was a violation of A.R.S. § 12–1553, and that the sheriff's sale was accordingly void.

The pertinent provisions of A.R.S. § 12–1553 are as follows:

"§ 12–1553. General execution

"A general execution shall state the amount of the judgment and costs and the amount due thereon, and shall require the officer:

"1. If the execution is against the property of the judgment debtor, to satisfy the judgment, with interest, out of the *personal property* of the debtor, and if sufficient personal property cannot be found, then out of his real property." (Emphasis added.)

Appellants rely heavily on the case of Blasingame v. Wallace, 32 Ariz. 580, 261 P. 42 (1927), which case had occasion to interpret and apply the predecessor of our present A.R.S. § 12–1553, para. 1357, Revised Statutes of 1913, Civil Code. In Blasingame, the Arizona Supreme Court said:

" * * * it was undoubtedly intended by this paragraph that the personal property should be exhausted before resort to the real estate is had. A levy upon the realty before the sale of the personalty, where there is not sufficient of the latter to satisfy the judgment or where the amount is doubtful, would be proper, but it could not possibly be determined how much realty would be required to complete the satisfaction of the judgment until the amount realized from the personalty is known." 32 Ariz. 580, 583, 261 P. 42, 43 (1927).

The rule as announced in Blasingame is in conformity with the general law. 21 Am.

Jur. Executions § 396 (1962); 33 C.J.S. Executions § 100 (1942).

■ We agree with appellees, however, that under A.R.S. § 12–1553 and Blasingame v. Wallace, supra, the right to levy on realty is contingent on "not finding" personal property rather than the "non-existence" thereof. Wright v. Craig, 184 Okl. 371, 87 P.2d 317 (1939). In Blasingame, the Supreme Court, in distinguishing the case of Oliver v. Dougherty, 8 Ariz. 65, 68 P. 553 (1902), said:

"But when there is no one concerned other than the parties to the judgment, the execution, and the sale, and the motion to vacate is made within a reasonable time, the sale may be set aside where it is shown that the judgment debtor had sufficient personal property which could have been applied upon the judgment, and that the officer knew it, or by the exercise of reasonable diligence could have discovered it, and failed to levy upon it, but instead levied upon and sold for the amount of the judgment real property worth many times that sum." 32 Ariz. 580, 586, 261 P. 42, 44 (1927).

There is no dispute in the present matter that appellants did have *some* personal property, although the record does not reveal, as appellants contend, " * * * undisputed evidence * * * that there was personal property more than sufficient to satisfy the judgment. * * *" The question reduces itself to whether the sheriff knew of such personalty or failed to exercise reasonable diligence in discovering such property.

■ We are bound to view the evidence in a light most favorable to upholding the decision of the court below, Alamada v. Ruelas, 96 Ariz. 155, 393 P.2d 254 (1964), and, in our opinion, such a view of the evidence supports the trial court's position. The court could believe the testimony of

the sheriff's deputy to the effect that appellant-wife,[1] when demand was made, indicated that there was no personal property on which the sheriff could levy, that the Volkswagen automobile indicated by the appellees' letter to the sheriff was not physically evident, and that no personal property was discovered. Such view is strengthened by a presumption that the levying officer had done his duty and levied on land because he could not find chattels. 33 C.J.S. Executions § 101 (1942).

Unlike the Blasingame case, wherein the levying officer made no effort whatever to find out if there was personal property upon which the execution could be levied, here the levying officer was specifically informed by the judgment debtor that " * * she didn't have any property for us to levy on her, nothing we could pick up."

In 21 Am.Jur. Executions § 396 (1962), it is said that:

"Where is does not appear that the officer knew of the existence of the personal property of a debtor, he is justified in levying on his real estate; and hence where an execution is about to be levied by an officer, the debtor, if he has personal property, *must show it,* or otherwise the officer commits no wrong by levying on the land in the first instance." (Emphasis added.)

Observing that the rule requiring judgments to be executed against personalty before realty, the Supreme Court of North Carolina, in North Carolina Joint Stock Land Bank of Durham v. Bland, 231 N.C. 26, 56 S.E.2d 30 (1949), observed:

"Moreover, *the judgment debtor waives or forfeits his right* to have his personal property taken in preference to his land for the satisfaction of a judgment by requesting the Sheriff to levy upon the land in the first instance, or *by failing to disclose his personal property when the Sheriff is about to make a levy.*" (Emphasis added.)

---

1. No one has questioned the authority of Mrs. Mortensen to bind the community

by her declarations either at the time of trial or on appeal.

Keeping in mind that appellants, by their own declaration to the deputy, failed to either cooperate with the levy by making known the existence of personal property on which execution might be taken or to avail themselves of the statutory right afforded them to make such designation (A.R.S. § 12–1562), we cannot but conclude that they are now barred by the legal procedures which they have made no effort to interrupt. Reasonable and ordinary diligence is all that is required of the levying officer, Oliver v. Dougherty, 8 Ariz. 65, 68 P. 553 (1902); Blasingame v. Wallace, supra; First Nat. Bank v. Black Hills Fair Ass'n, 2 S.D. 145, 48 N.W. 852 (1891). The trial court apparently concluded that it was not a lack of diligence to accept the judgment debtors' statement that there was no personal property subject to levy and we held that the law does not preclude the trial court from so viewing the evidence.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.