436 P.2d 127

**H. S. HACKIN and Charlotte E. Hackin, his wife, Appellants,**

v.

**Max GAYNES and Frieda B. Gaynes, his wife, Appellees.**

**No. 8600.**

Supreme Court of Arizona,
In Division.

Jan. 11, 1968.

Rehearing Denied Feb. 15, 1968.

Gorey & Ely, by Herbert L. Ely, Phoenix, for appellants.

Evans, Kitchel & Jenckes, by Burton M. Apker, Phoenix, for appellees.

**14**

LOCKWOOD, Justice:

This action concerns an accounting and ownership of certain real property. The property over which the dispute occurred consisted of 160 acres situated near Laveen, Arizona. The appellants were the plaintiffs below, and alleged that they are owners of an undivided one-half interest in the property with the other undivided one-half interest being owned by the appellees. The record title is in the appellees alone. The appellants based their claim to the property upon the alleged existence of an informal agreement between themselves and the appellees, the essence of which was that appellant H. S. Hackin would purchase the disputed property as an agent for the appellees, but in the appellees' names only, "for business reasons known only to the defendants", and that the appellees would shortly thereafter convey to the appellants their respective one-half interest. The appellees denied the existence of any such agreement.

The case was tried before a court with an advisory jury. Evidence was presented at trial that the appellants and appellees were related and had been involved in business transactions together in the past. The jury, in response to special interrogatories, found that a relationship existed between the appellants and the appellees whereby it would be reasonable for the appellants to deal on an informal basis with the appellees, even to the extent of not requiring their property interests to appear on record. However, the jury also found that the appellants and the appellees had *not* entered into an agreement dividing ownership of the property in question. The accounting aspect of the case was handled exclusively by the court upon agreement by counsel. The court granted judgment in favor of the appellees and made an accounting.

The appellants raise five issues on appeal. The first question presented by the appellant is whether the trial court committed reversible error requiring a new trial when it admitted into evidence a carbon copy of a letter allegedly written by appellee Max Gaynes and addressed to the appellants. The objection of the appellants goes to the lack of proper foundation, specifically that there was no evidence presented that the envelope which contained the letter was properly stamped and correctly addressed. The letter was dated July 25, 1955. The appellants denied ever receiving the letter. The letter reads as follows:

"Dear Sam and Charlotte:

"In accordance with our telephone conversation of yesterday, I am enclosing herewith a check in the amount of $500.00 to be used as a down payment of earnest money toward the purchase of the land owned by the Carvers as indicated in your letter of July 21, 1955.

"This letter will also act as your authority to purchase for and in my behalf approximately 200 acres of land which the Carvers are now willing to put up for sale.

"I certainly appreciate the efforts that you are putting forth on *my behalf* and the way that you are looking out for *my interest* and you may rest assured that I shall not forget it.

"As of now, I am in the midst of my busiest time and do not wish to get involved in contacting additional financial backing. As you know, I have had that experience before and it usually means a lot of wasted time and telephone calls. I think it would be far better to purchase the land outright and then use *my discretion* later in what further arrangements should be made.

"Best wishes on your newest venture and my best to you, Charlotte and the children.

Yours,

Mr. & Mrs. H. S. Hackin
Han-Den Ranch
Route 1, Box 18
Laveen, Arizona" (Emphasis supplied).

The appellant H. C. Hackin admitted that the check (which was in evidence), was received by him for the purpose of applying it to the escrow, that he had deposited such earnest money with the title company, and

that he wrote to appellee Max Gaynes on August 3, 1955, enclosing the deposit receipt. Hackin further testified that "Mr. Gaynes evidently directed me in a letter as to what to do". Further, Gaynes testified that he sent the letter and check together by mail to Hackin on July 25, 1955.

■■ A carbon copy of a letter may be admitted into evidence. We have held in the past that:

"While a presumption arises from a letter addressed, stamped and deposited in the United States mail that it will reach the addressee, *facts less than direct and positive testimony of its being addressed, stamped and mailed, while insufficient to raise a presumption, may support an inference* that the letter reached the addressee.

" ' "Generally speaking issues may be established in *both civil and criminal cases* by circumstantial evidence" * * *.

* * * * * *

" 'The existence of a carbon requires the existence of the original, and proof that a carbon existed requires the inference that an original also existed.

* * * * * *

" '[This] shows that the evidence now offered is not only sufficient to support an inference that the letter in question was prepared *and mailed,* but in the light of reason is not reconcilable with any other inference.' United States [ex rel. Helmecke] v. Rice, D.C., 281 F. 326, 335, 336. (Emphasis supplied.)

. . "Furthermore, it is unnecessary for the person who mailed a letter to appear and testify that the original was mailed." State v. Mays, 96 Ariz. 366, 368, 395 P.2d 719, 721 (1964). (Emphasis supplied.) . .

The trial court did not err in admitting the letter. .

■ The second error the appellant urges that the trial court made was its refusal to allow appellants' witness Carver (one of the sellers of the property) to testify as to a conversation between himself and H. S.

Hackin. Carver was asked if he learned through his conversations with Hackin that Hackin was acquiring an interest in the property. The lower court did not err in refusing to admit this testimony. As the testimony goes to the transaction between the appellant and Carver, and not to the transaction and agreements in dispute between the appellants and the appellees, it is clearly hearsay. Contrary to the contention urged by the appellants, it does not constitute a "verbal act" exception to the hearsay rule going to the transaction in dispute.

■ Appellants' third assignment of error concerns refusal to admit in evidence a document purporting to show other transactions between the appellants and the appellees. This document was a purchase contract concerning Scottsdale property. The sole purchasers named in the document were the Hackins. The appellants desire was to show that even though the Hackins were the only parties named in the document, they were only agents for the appellees. Admission of this document was properly denied as an agent cannot prove his agency where the testimony does not go to direct evidence of an express contract of agency between the principal and the agent. Daly v. Williams, 78 Ariz. 382, 386, 280 P. 2d 701, 703 (1955).

■ The fourth question appellants raise is simply that the trial court erred in not granting judgment in favor of the appellants. From a review of the evidence and in light of the findings by the advisory jury, we cannot agree. The appellant had the burden of overcoming the presumption that the holder of the record title to real property is the owner of the whole estate. Further, an oral contract to convey real property can only be established upon clear and convincing testimony. Stewart v. Schnepf, 62 Ariz. 440, 459, 158 P.2d 529, 537 (1945); Costello v. Cunningham, 16 Ariz. 447, 147 P. 701 (1915). Appellants failed to carry their burden of proof.

■ Appellants finally contend that the court did not make a correct accounting between the parties. The accounting con-

**16**

cerned expenditures relating to property contiguous to the property in dispute here. The parties did not deny co-ownership of this parcel of property. Gaynes had advanced the full purchase price for the parcel of land in the amount of $7,000.00. Each party was to pay half, or $3,500.00. Hackin paid $2,500.00 in cash, and installed a domestic water system on the property for approximately $2,000.00. Gaynes credited Hackin with one-half the value thereof, constituting full payment of the Hackins' share of the purchase price of the property. The trial court's accounting of this transaction was correct.

Appellee Frieda B. Gaynes counter-claimed for a debt of $1,300.00. Appellee Max Gaynes also counter-claimed for a debt of $1,000.00. The appellants admitted that they owed these debts and did not dispute the amount. The court correctly gave judgment to the appellants for the above sums.

Appellee Max Gaynes also counter-claimed for the value of professional services rendered by Gaynes as an attorney to the appellants. Appellee claimed that the value of the services rendered during the years 1957 to 1960 amounted to $2,000.00. Appellant H. S. Hackin made a claim against the appellees for $1,400.00 for removal of debris from the property owned by both parties. Appellees argued that the appellants were not entitled to this under any theory, but "simply to dispose of the matter, defendants would not object to crediting the $1,400.00 as an offset upon the $2,000.00 account to Gaynes for attorney's fees". The court denied both the Gaynes claim for attorney's fees and the Hackin claim for debris removal. The trial court's denial of both of these claims is a realistic appraisal of the evidence and was not incorrect.

The appellees made a cross-assignment of error arguing that the action was barred by the statute of limitations. See A. R.S. §§ 12–543(3), 12–546 (1956). This court has held that a cross-assignment of error, in the absence of a cross-appeal, can be considered only in support of the judg-ment. Kahl v. Winfrey, 81 Ariz. 199, 206, 303 P.2d 526, 530 (1956); Gillespie Land and Irrigation Company v. Jones, 63 Ariz. 535, 543, 164 P.2d 456, 459 (1945). The argument that there should not have been any litigation in the first place hardly supports the judgment which was the result of the litigation. For this reason and since we have upheld the judgment of the lower court, we refuse to consider the cross-assignment of error made by the appellees.

Affirmed.

McFARLAND, C. J., and BERNSTEIN, J., concur.