513 P.2d 683

**David KAPLAN dba Arizona Floor Covering Company, Appellant,**

v.

**Frances Evelyn REILLY, Appellee.**

**No. 1 CA–CIV 1945.**

Court of Appeals of Arizona, Division 1,

Department A.

Aug. 30, 1973.

Rehearing Denied Oct. 23, 1973.

Review Denied Nov. 27, 1973.

Philip T. Goldstein, Ltd., Kanne & Bickart, by Philip T. Goldstein, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Jeffrey B. Smith & Wilbert G. Anderson, Phoenix, for appellee.

OGG, Judge.

This appeal involves the validity of an execution sale. In 1966 the plaintiff, Frances Evelyn Reilly, hereinafter referred to as the Execution Creditor, recovered a money judgment against the defendant, David Kaplan, hereinafter referred to as the Execution Debtor. The judgment was recorded and pursuant to the provisions of ARS § 33–964 a judgment lien was created on the real properties of the Execution Debtor. On March 2, 1971 an execution in the form of a special execution issued directing the sale of a specific parcel of real property belonging to the Execution Debtor. The sheriff's sale was postponed three times at the request of the Execution Debtor and was eventually held on May 6, 1971. The property—as set out in the writ of execution—was sold for the full amount of the judgment. On May 7, 1971 the Execution Debtor moved the court to vacate the sale and, in connection with this motion, secured an order staying the sheriff from all further proceedings under the execution. On June 10, 1971 the court entered an order denying this motion to cancel the sale and vacated the order staying execution. The trial judge stated that he was following the principles set forth in Blasingame v. Wallace, 32 Ariz. 580, 261 P. 42 (1927) and entered this order:

"NOW THEREFORE, IT IS ORDERED that the Defendant shall have sixty (60) days from November 5, 1971 within which to pay the judgment to the Sheriff of Maricopa County, Arizona, together with all interest and costs to the date that said payment is made and, in the event that the Sheriff does not receive payment within said sixty (60) day period, the Motion of Defendant to Vacate and Set Aside Execution and Order of Sale shall be deemed denied and the Sheriff shall thereupon make his Return of Sale and issue a Sheriff's Deed to the person entitled thereto.

IT IS FURTHER ORDERED that the Sheriff and all appropriate officers are enjoined from proceeding further in this matter during said sixty (60) day period."

The Execution Debtor appeals from this order on the following grounds:

1. The use of a special execution rather than a general execution voided the execution sale for it deprived the Execution Debtor of his right to have his personal property sold before the disposal of his realty at the execution sale.

2. The officer failed to make a proper levy upon the real property prior to sale.

■ With respect to the first ground the record discloses the Judgment Creditor used a special execution form directing the sale of a specific piece of real property under the provisions of ARS §§ 12–1552, subsec. A, par. 2 and 12–1554 when the proper form should have been a general execution directing the sale of property without specifying any particular property under the provisions of ARS §§ 12–1552, subsec. A, par. 1 and 12–1553.

Such a mistake does not render the execution sale void but, rather, merely voidable. Wamsley v. Snow, 331 Mo. 261, 53 S.W.2d 258 (1932).

■ The Execution Debtor complains that he lost a substantial right when he was not afforded the opportunity to have the judgment satisfied out of his personal property before the sale of his realty as the officer conducting the sale is required to do under the provisions of ARS § 12–1553, subsec. 1:

"If the execution is against the property of the judgment debtor, to satisfy the judgment, with interest, out of the personal property of the debtor, and if sufficient personal property cannot be found, then out of his real property."

The provision above is not applicable to this case since the Execution Creditor had a prior judgment lien on the real property; ARS § 12–1553, subsec. 2 governs and reads:

"2. If the judgment is a lien upon real property, then to satisfy the judgment out of the real property belonging to the judgment debtor on the day when the judgment became a lien or at any time thereafter . . ."

Nowhere in subparagraph 2 does there appear any provision respecting personal property.

■ This argument must fail for still further reasons. The Execution Debtor was aware of the execution sale from March 3, 1971 to the date of sale on May 6, 1971 and never pointed out to anyone that he had personal property to be levied upon. Having failed to disclose his personal property, he cannot now complain that the judgment was not satisfied first from his personal property. Mortensen v. Berzell Investments Co., 2 Ariz.App. 571, 410 P.2d 689 (1966).

The trial judge in this case entered the same order that was approved by the Arizona Supreme Court in Blasingame, supra. In that case the sheriff, contrary to statute, disposed of the realty before selling the personalty at an execution sale. The court held that although this was error the execution sale on the realty would stand unless the Judgment Debtor first paid the judgment debt. The court said:

"However, the relief sought by appellant is equitable in its nature and the maxim 'He who seeks equity must do equity,' governs it. Hence, before he is entitled to what he is seeking, it will be necessary for him to pay the amount of the judgment, together with the interest and costs."

■ The remaining objections of the Judgment Debtor—that the sale, was not timely, that the officer failed to endorse the levy upon the writ of execution and that the writ was not properly filed—are irregularities which under the facts of this case were waived by the Judgment Debtor. The general rule is that the formalities required in the conduct of execution sales are for the protection of those interested in the property and its proceeds, and such formalities may be waived by common consent. A judgment debtor may be estopped by his conduct from attacking the validity of an execution sale. See 33 C.J.S. Executions § 228.

■ The Execution Debtor was not damaged in this case since the Execution Creditor had a lien on the property that was sold; the mere fact that the property was improperly described with particularity as a special execution should not render the execution void since the officer would

have been authorized to execute against such property in any case. The Execution Debtor never moved to quash the writ nor attempted to stop the execution sale. At all stages he participated and even secured three separate continuances of the sale. He never offered to pay the judgment. He never pointed out any personalty to satisfy the judgment. He never complained that some other real property should be sold rather than the specific realty actually sold. See Blasingame, supra; Mortensen, supra.

The order of the trial judge following the exact language of Blasingame was an excellent solution to do justice under the facts of this case. It authorized the Execution Debtor, who complained about irregularities in the execution sale, to set aside the sale and regain his realty by paying off the judgment against him.

The order of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.