688 P.2d 1070

**Jerry BOONE and Cleone Boone, husband and wife, Plaintiffs-Appellants,**

**v.**

**Frank GRIER and Shirley Grier, husband and wife; and John R. Phipps, Sheriff of Yuma County, Defendants-Appellees.**

**No. 1 CA–CIV 7237.**

Court of Appeals of Arizona, Division 1, Department C.

June 28, 1984.

Review Denied Oct. 2, 1984.

Engler, Engler & Weil by Richard D. Engler, Don B. Engler, Yuma, for plaintiffs-appellants.

Jim D. Smith, Yuma, for defendants-appellees.

## OPINION

CONTRERAS, Presiding Judge.

Appellants Jerry and Cleone Boone, husband and wife, appeal from the June 2, 1983 judgment of the Yuma County Superior Court directing a verdict against them and dismissing their complaint with prejudice in their suit for wrongful execution against Frank and Shirley Grier, husband and wife. The primary issues raised in this appeal are (1) whether a judgment lien is a prerequisite to a levy on real property, (2) whether a judgment lien may be created by filing a certified copy of a judgment that fails to show the docket and page number of the civil docket in which the judgment was entered, (3) whether the judgment creditors' levy upon real property without seeking out personal property was void where the judgment debtor denied the existence of any such personalty and (4) whether the trial court erred in refusing to reform certain joint tenancy deeds. We conclude that the execution was proper and that the trial court did not abuse its discretion in denying the Boones' request to reform the deed. Briefly stated, the following are the events giving rise to this litigation.

The Griers obtained a $23,000 judgment against Jerry Boone individually in 1979. Later in 1979 the Griers attempted to satisfy their judgment by directing the sheriff to execute upon some of the personal property at Jerry Boone's place of business, known as "Truck-n-Tractor, Parts-n-Service" in Parker, Arizona. The Boones successfully sued the Griers for wrongful execution on grounds that this personalty was owned by a partnership.

In April, 1982, in a further attempt to satisfy their judgment, the Griers executed upon Jerry Boone's undivided one-half interest in five parcels of real property which was held in joint tenancy by Jerry and Cleone Boone. After these properties had been levied upon by the Yuma County Sheriff, the Boones brought this action against the sheriff and the Griers seeking damages for wrongful execution and reformation of the joint tenancy deeds to reflect title as community property.

This matter was tried first to the court on September 17, 1983 and resulted in a judgment in favor of the defendants on all counts. The Boones then filed a motion for new trial on grounds that they had been denied a jury trial. This motion was granted by the trial court and a jury trial was conducted on January 25, 1983. At the close of the Boones' case, the trial judge directed verdicts in favor of the defendants on all counts. The trial court also found that the evidence was clear and convincing that the claims asserted by the Boones were made for the purpose of harassment, were groundless and not made in good faith and accordingly assessed attorney's fees against the Boones in the amount of $2,500 pursuant to A.R.S. § 12–341.01(C). The Boones filed a timely notice of appeal from the judgment.

■ The Boones' first argument on appeal is that the trial court erred in upholding the levy upon the real property in question because the Griers had not obtained a judgment lien on that property prior to execution. Assuming, for purposes of this argument, that a judgment lien had not been created, the Griers argue that there is no legal requirement that there be a judgment lien prior to execution pursuant to A.R.S. § 12–1553(1). We agree.

The Griers obtained a general writ of execution pursuant to A.R.S. § 12–1553 which provides in part:

A general execution shall state the amount of the judgment and costs and the amount due thereon, and shall require the officer:

1. If the execution is against the property of the judgment debtor, to satisfy the judgment, with interest, out of the personal property of the debtor, and if sufficient personal property cannot be found, then out of his real property.

2. If the judgment is a lien upon real property, then to satisfy the judgment out of the real property belonging to the judgment debtor on the day when the judgment became a lien or at any time thereafter, but if the execution is issued to a county or from the court of a county other than the one in which the judgment was given, on the day when the judgment was docketed in the office of the clerk of the superior court of such county.

Judgment liens are a separate and independent creditor's remedy which exist by virtue of A.R.S. § 33–961.[1] The Boones argue that A.R.S. § 12–1553 does not create two separate procedures for execution against real property based upon whether a judgment lien is in existence. They argue that such an interpretation would be inapposite to a substantial body of common law requiring creditors to seek redress against a debtor's personalty prior to real property as codified in A.R.S. § 12–1553(1). However, in *Kaplan v. Reilly,* 20 Ariz.App. 394, 513 P.2d 683 (1973), this court recognized that A.R.S. § 12–1553 does provide for two separate procedures, stating:

The Execution Debtor complains that he lost a substantial right when he was not afforded the opportunity to have the judgment satisfied out of his personal property before the sale of his realty as the officer conducting the sale is required to do under the provisions of A.R.S. § 12–1553, subsec. 1....

The provision above [subsec. 1] is not applicable to this case since the Execution Creditor had a prior judgment lien on the real property; A.R.S. § 12–1553, subsec. 2 governs....

Nowhere in subparagraph 2 does there appear any provision respecting personal property.

20 Ariz.App. at 396, 513 P.2d at 685.

The Boones have cited no authority for the proposition that there must be a judgment lien upon real property before it can be subjected to execution pursuant to A.R.S. § 12–1553(1) and we have found none. The judgment creditor who attempts to execute against real property without a lien, of course, is open to potential loss of his rights to a bona fide purchaser by failing to record his interests in such property. *See* A.R.S. § 33–411 *et seq.* However, this does not give the judgment debtor a cause of action for wrongful execution against the creditor who chooses to proceed against the real property without this safeguarding of his interests.

■ As we conclude that a judgment lien is not a necessary prerequisite to execution pursuant to A.R.S. § 12–1553(1), we do not find it necessary to address the Boones' arguments with respect to whether the Griers' recording of the certified judgment created a judgment lien. We next address the Boones' argument that the levy upon their property is void because the Yuma County Sheriff did not attempt to execute upon personal property prior to execution on the real property. The parties agree that the sheriff did not attempt to execute on personal property immediately prior to the levy on the real property in April, 1981. However, Jerry Boone testified repeatedly at trial that he did not intend to voluntarily pay Griers the $23,000 judgment and that he had no personalty out of which the judgment could be satisfied.

In *Oliver v. Dougherty,* 8 Ariz. 65, 68 P. 553 (1902), a judgment debtor attempted to have a sheriff's sale of his real property set aside on grounds that he had ample personal property to satisfy the judgment at the time of the sheriff's sale and that the sheriff had not executed upon his personal property. The Arizona Supreme Court refused to set aside the sale holding that it was a judgment debtor's duty to point out

---

**1.** A.R.S. § 33–961(B) provides in part:

An abstract of the judgment of a court, certified by the clerk, shall be filed and recorded in the office of the county recorder in each county where the judgment creditor desires the judgment to become a lien upon the real property of the judgment debtor before the judgment shall become a lien upon or in any manner affect or encumber the real property of the judgment debtor, or any part thereof....

personal property under such circumstances. Later, in *Blasingame v. Wallace*, 32 Ariz. 580, 261 P. 42 (1927), the Arizona Supreme Court held that where the sheriff acknowledged that he made no attempt to execute on personal property prior to executing on real property, the judgment debtor was entitled to pay the judgment out of personalty before the issuance of the sheriff's deed. The court also stated:

> However, the relief sought by appellant is equitable in its nature and the maxim, "He who seeks equity must do equity," governs it. Hence, before he is entitled to what he is seeking, it will be necessary for him to pay the amount of the judgment, together with the interest and costs.

32 Ariz. at 587, 261 P. at 44.

In *Mortensen v. Berzell Investments Co.*, 2 Ariz.App. 571, 410 P.2d 689 (1966), this court refused to set aside a sheriff's sale on the basis that the judgment debtor's personal property had not first been levied upon and exhausted. In discussing *Blasingame* and *Oliver*, this court noted that the right to levy on realty is contingent upon "not finding" personal property rather than the "non-existence" thereof. We noted:

> Where is (sic) does not appear that the officer knew of the existence of the personal property of a debtor, he is justified in levying on his real estate; and hence where an execution is about to be levied by an officer, the debtor, if he has personal property, must show it, or otherwise the officer commits no wrong by levying on the land in the first instance.

2 Ariz.App. at 574, 410 P.2d at 692 (quoting 21 Am.Jur. Executions § 396 (1962)).

We also stated:

> Moreover, the judgment debtor waives or forfeits his right to have his personal property taken in preference to his land for the satisfaction of a judgment by requesting the Sheriff to levy upon the land in the first instance, or by failing to disclose his personal property when the Sheriff is about to make a levy.

2 Ariz.App. at 574, 410 P.2d at 692 (quoting *North Carolina Joint Stock Land Bank v. Bland*, 231 N.C. 26, 56 S.E.2d 30 (1949)).

Subsequently, in *Kaplan v. Reilly*, 20 Ariz.App. 394, 513 P.2d 683 (1973), this court again refused to set aside an execution sale of real property on grounds that the judgment debtor had sufficient personal property to satisfy the judgment. We stated:

> This argument must fail for still further reasons. The Execution Debtor was aware of the execution sale from March 3, 1971 to the date of sale on May 6, 1971 and never pointed out to anyone that he had personal property to be levied upon. Having failed to disclose his personal property, he cannot now complain that the judgment was not satisfied first from his personal property.

20 Ariz.App. at 396, 513 P.2d at 685.

In the instant case, the sheriff tried to satisfy the judgment originally in 1979 against personal property but was unsuccessful. At the time the levy was made upon the property at issue in this litigation, the Boones received notice of the levy and made no attempt at that time or since to disclose any personal property subject to execution. Mr. Boone testified at trial that he owned no personal property subject to execution and repeatedly stated that he was not going to pay the judgment. Under these circumstances, we find the trial court correctly refused to set aside the execution and to deny the Boones damages for wrongful execution.

We now consider the Boones' contention that the trial court erred in refusing to reform the joint tenancy deeds to the property in question to reflect their alleged subjective intention that such property should be held as community property. They argue that property jointly held by husband and wife is presumed to be community property. "The burden of proof is upon the party seeking to establish that the jointly held property is in fact separate, rather than community, property." *Eng v. Stein*, 123 Ariz. 343, 346, 599 P.2d 796, 799 (1979). They next argue that the Griers

failed to meet their burden of proof by clear and convincing evidence. However, the joint tenancy deeds in question, on their faces, are clear with respect to the nature of the ownership of the property in question. They each provide:

The grantees by signing the acceptance below evidence their intention to acquire said premises *as joint tenants with the right of survivorship, and not as community property nor tenants in common* (emphasis added).

There is a rebuttable presumption that record title accurately reflects the ownership interest in real property. *See Hackin v. Gaynes*, 103 Ariz. 13, 436 P.2d 127 (1968).

The Boones sought reformation of the joint tenancy deeds on grounds that they did not understand the legal distinctions between joint tenancy property and community property at the time the deeds were executed. In essence, they are arguing that the trial court ought to have reformed the deed on the basis of a mistake of law.

■ Reformation of a written instrument may be granted by a court in equity when it can be satisfactorily proven that: (1) the instrument failed to conform to what both parties intended, (2) the complaining party was mistaken as to the factual content of the deed and the other party, knowing of this mistake, kept silent, or (3) the claiming party was mistaken as to the factual content of the deed because of fraudulent affirmative behavior of the other party. 6A R. Powell, *The Law of Real Property*, para. 894 at 81–116 to –118 (1982). *See also Underdown v. Reche*, 122 Ariz. 439, 595 P.2d 671 (App.1979).

■ In *Nussbaumer v. Yuma County Superior Court*, 107 Ariz. 504, 507, 489 P.2d 843, 846 (1971), our supreme court stated:

Where the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby.

*See also Mackey v. Philzona Petroleum Co.*, 93 Ariz. 87, 378 P.2d 906 (1963). This same situation obtains here. In the instant case the Boones failed to present evidence of any basis other than their alleged unilateral mistake of law as grounds for reformation.

They argue that there were factual issues which should have been submitted to the jury with respect to their intent at the time they agreed to accept the property as joint tenants. However, this evidence related only to their individual lack of understanding of the legal consequences of a joint tenancy deed. As a matter of law, this was insufficient to establish the right to have the deeds reformed. Therefore, no issue of fact was appropriate for submission to the jury. Further, the jury in this matter was an advisory jury. Reformation constitutes equitable relief which was properly decided by the trial judge. The record in this case reflects no facts which would compel a court of equity to reform the deed.

We conclude that the execution on the real property was proper and that the trial court did not abuse its discretion in denying the Boones' request to reform the deeds. It is ordered granting appellees' request for attorney's fees pursuant to A.R.S. § 12–341.01(C). Appellees are directed to submit an affidavit to the court in accordance with *Schweiger v. China Doll Restaurant Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983). The judgment of the trial court is affirmed.

GREER and HAIRE, JJ., concur.